UNITED STATES of America,
Plaintiff-Appellee,

v.

Howard P. CARROLL, Robert C. Wilson,
and Jerry A. McFarland,
Defendants-Appellants.

No. 77–5319.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1978.

Charles F. Brega, Denver, Colo., for Carroll.

Emmett Colvin, Dallas, Tex., for Wilson.

Michael F. Linz, John A. Spinuzzi, Dallas, Tex., for McFarland.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Shirley Baccus-Lobel, William O. Wuester, III, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before CLARK, FAY and VANCE, Circuit Judges.

VANCE, Circuit Judge.

Howard Carroll and Robert Wilson were convicted on charges of making fraudulent and misleading statements in the offer and sale of securities, and with having aided and abetted in using the United States mails to further the fraud. 15 U.S.C. §§ 77q(a), 77x; 18 U.S.C. §§ 2, 1341. In addition, those appellants, along with co-defendant Jerry McFarland, were found guilty under a count alleging a conspiracy to commit enumerated offenses in violation of 18 U.S.C. § 371. The convictions involve acts committed during the public sale of stock in Coal Creek Mining Company, which was controlled by appellants. Prospective investors were told that the proceeds would be used to develop mining properties for the production of coal. Instead, the $212,741 raised by the stock offering was used to purchase real estate, to run a trucking firm owned by McFarland, and to pay Carroll, Wilson and McFarland for various expenses incurred. None of the funds were ever used for the stated purpose.

On appeal Carroll and Wilson present a multitude of contentions, including claims that there was insufficient evidence to sustain the convictions, improper voir dire of the jury, as well as error in the jury instructions.[1] Carroll further argues that the trial judge abused her discretion in denying his motion for continuance. The sole issue presented by McFarland is whether plain error resulted from the trial court's sua sponte amendment of Count 1, the conspiracy count. We affirm as to appellants Carroll and Wilson. The conviction of McFarland is reversed.

### Jury Instructions as to Count 1

Count 1 is the only count under which McFarland was convicted. It alleges a conspiracy to violate federal securities[2] and postal[3] laws. The trial court incorrectly instructed the jury that the offenses which defendants were charged with conspiring to commit included not only the two stated in the indictment but also violation of 18 U.S.C. § 2314 prohibiting the interstate transportation of fraudulently obtain-

---

1. Appellants also raise as errors the failure to grant a motion for severance, the failure of the government to make exculpatory evidence available, and various evidentiary irregularities. We have considered each of these contentions but find them to be without merit.

2. 15 U.S.C. §§ 77q(a), 77x.

3. 18 U.S.C. 1341.

ed money.[4]  Count 1 does not charge McFarland with conspiracy to violate that particular section.

The fifth amendment guarantees "[n]o person shall be held to answer for [an] . . infamous crime, unless on [an] . . . indictment of a Grand Jury . . . ."
The central purpose of this requirement is
> to limit [the accused's] jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge.

*Stirone v. United States,* 361 U.S. 212, 218, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960). *Accord, United States v. Cox,* 342 F.2d 167 (5th Cir.), *cert. denied,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). By describing the crime charged, the indictment also insures that the accused will be adequately informed of the charges against him and that he will be protected against double jeopardy. *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), *United States v. Fischetti,* 450 F.2d 34 (5th Cir. 1971), *cert. denied,* 405 U.S. 1016, 92 S.Ct. 1290, 31 L.Ed.2d 478 (1972); *United States v. Haldeman,* 181 U.S.App.D.C. 254, 559 F.2d 31 (1976).

These essential functions are so fundamental that the procedure used to obtain an indictment must be strictly followed in order to insure a fair trial for the accused. The requirement is not met where, as here, an instruction has the effect of amending[5] the indictment by charging an extraneous crime in a conspiracy count. In *Ex Parte Bain,* 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), the Supreme Court proscribed amending an indictment by any means other than through the grand jury itself:

> [I]f it be once held that changes can be made by the consent or the order of the court in the body of the indictment as

presented by the grand jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the constitution places upon the power of the court, in regard to the prerequisite of an indictment, in reality no longer exists.

*Id.* at 13, 7 S.Ct. at 788. *See Stirone v. United States, supra.*

Although McFarland had an absolute right to have the jury instructed solely on charges contained in the indictment, he did not seasonably object to the improper instruction as is required by Fed.R.Crim.P. 30. That rule, however, is modified by Rule 52(b), which provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

The government concedes that the challenged instruction was erroneous, but urges that in the face of what it contends to be overwhelming evidence of guilt and in the absence of a timely objection there was no fundamental unfairness which would warrant our setting the conviction aside. We conclude, however, that the trial court's error in instructing the jury that they may find McFarland guilty of conspiracy to violate section 2314 requires our intervention. Although errors that are constitutional in nature may not be plain error per se, *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Bates,* 512 F.2d 56 (5th Cir. 1975), "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless . . . ." 386 U.S. at 23, 87 S.Ct. at 827–28. The right of a defendant to be tried under an indictment presented solely by a grand jury is one such right. *Ex Parte Bain* excluded the notion

---

4.  In addition to the oral instructions, the charge in written form apparently was sent with the jury into the jury room during its deliberations.

5.  An amendment to the indictment is to be distinguished from a mere variance between the indictment and proof adduced.

> An *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by

prosecutor or court after the grand jury has last passed upon them. A *variance* occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.

*Gaither v. United States,* 134 U.S.App.D.C. 154, 413 F.2d 1061, 1071 (1969) (emphasis in original).

of a non-prejudicial amendment to the indictment, and since that time, the concept of harmless error has not been applied to amendments. *Gaither v. United States,* 134 U.S.App.D.C. 154, 413 F.2d 1061 (1969). Because the trial court committed plain error in instructing the jury with respect to the only charge of which he was found guilty, we reverse as to McFarland.

### Denial of Continuance

■ Appellant Carroll complains of prejudice resulting from the trial court's denial of his motions for continuance. Disposition of such motions is vested in the sound discretion of the trial court. Its ruling will not be disturbed on appeal, except upon a clear showing of abuse. *Avery v. Alabama,* 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); *United States v. Uptain,* 531 F.2d 1281 (5th Cir. 1976); *United States v. Moriarty,* 497 F.2d 486 (5th Cir. 1974). Whether such abuse will be found is to be decided on a "case by case basis in light of the circumstances presented." 531 F.2d at 1285. The reviewing court will especially examine the reasons for continuance given at the time the request is denied. *Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); *McKinney v. Wainwright,* 488 F.2d 28 (5th Cir.), *cert. denied,* 416 U.S. 973, 94 S.Ct. 1998, 40 L.Ed.2d 562 (1974).

Two grounds were asserted by Carroll to support his motion for continuance: insufficient time for full and adequate preparation of the defense, and a conflict in the commitments of Carroll's attorney, who was scheduled to try a case in a Colorado state court on an unrelated matter the same day appellant's trial was to have begun in Dallas.

This court has established several factors to be considered in evaluating claims of inadequate preparation time. Some of them include the amount of time available for preparation, the likelihood of prejudice resulting from denial, the complexity of the case, and the adequacy of the defense actually provided at trial. *United States v. Uptain, supra,* at 1286.

Applying these criteria to the present case, we find that the denial of continuance did not constitute an abuse of discretion. From the time that his firm was first contacted by Carroll, counsel had almost six weeks to get ready for trial. There were also numerous recesses granted during trial which extended actual preparation time. Carroll shows no area which he would have investigated further or in which his counsel would have been better prepared had he been allowed additional time for preparation.

Carroll's attorney revealed a conflicting commitment for the first time six days before trial, and was allowed to withdraw. Withdrawal, however, was predicated upon Carroll's having counsel at trial, and permitted with the understanding that the withdrawal would not delay the proceedings. *See generally, United States v. Dilworth,* 524 F.2d 470 (5th Cir. 1975); *United States v. Sexton,* 473 F.2d 512 (5th Cir. 1973). The attorney was ordered to appear on behalf of Carroll when it became apparent that such defendant otherwise would be unrepresented at trial. In *Uptain* we held, "[W]here there is a substantial basis for a continuance, the attorney should present the claim as early as possible." 531 F.2d at 1290–1291. When the conflict in question was first mentioned in defendant's second motion for continuance, the government witnesses had been subpoenaed, and at least one of the co-defendants, McFarland, was ready to proceed.

Despite the denial of the motions for continuance, Carroll was ably and effectively represented at trial. The record discloses that his attorney was well acquainted with the facts of the case, and thoroughly cross-examined the witnesses. He clearly met the standard for effective assistance of counsel mandated by the sixth amendment. *See United States v. Simpson,* 460 F.2d 1321 (5th Cir. 1972).

We are unable to conclude that the ruling of the district court was not a "reasonable resolution of the various factors confronting [it]." 531 F.2d at 1291. We therefore must uphold the lower court's action even

though we may view its ruling as a harsh one.

## Sufficiency of Evidence

■ Wilson and Carroll contend that the evidence is insufficient to sustain convictions on the conspiracy, securities fraud, and mail fraud counts of the indictment. The test for sufficiency is whether "reasonable minds could conclude that the evidence is inconsistent with the hypothesis of the accused's innocence." *United States v. Warner,* 441 F.2d 821, 825 (5th Cir.), *cert. denied,* 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971). On appeal the determination is to be made in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

It was not unreasonable for a jury to find appellants guilty as charged. Carroll and Wilson were responsible for forming the mining corporation and arranging for the public sale of its stock. Together they selected Harry Niles to run the corporation as a "front man," while they retained actual control of the company.[6] Appellants contacted the underwriter for the public offering of the corporate stock and caused a circular to be made to promote the sale. This prospectus, which was distributed through the United States mails, contained several misstatements of fact. In particular, the circular represented that the Securities and Exchange Commission and the corporation's shareholders would be notified of the facts and circumstances surrounding any proposed use of uncommitted corporate funds prior to actual disposition. Such notification was never given, even though uncommitted funds were used to purchase real estate in Texas. At least one investor testified that he purchased shares in the mining company in reliance on that representation. Additionally, appellants arranged for their names not to appear in the circular as promoters of the corporation, and represented that Mr. Niles was the majority stock own-

er when in fact Carroll and Wilson were the true owners.

These acts support a guilty verdict not only on the substantive counts, but also on the conspiracy charge. Although appellants complain there was no hard evidence of the conspiracy agreement, direct proof is not required. *United States v. Netterville,* 553 F.2d 903 (5th Cir. 1977), *cert. denied,* 434 U.S. 1009, 98 S.Ct. 719, 54 L.Ed.2d 752 (1978). Complicity may be inferred from the circumstances. *United States v. Warner, supra.* The circumstantial evidence produced at trial overwhelmingly supports a finding that appellants conspired to commit securities and mail fraud.

## Voir Dire

■ Appellants Carroll and Wilson also assign as error the trial judge's refusal to examine prospective jurors on questions submitted by defense counsel and her failure to voir dire the venire individually. This is another area in which the trial court has considerable discretion and with respect to which its decision will not be lightly overturned. *United States v. Rojas,* 537 F.2d 216 (5th Cir. 1976), *cert. denied,* 429 U.S. 1061, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977); *United States v. Eastwood,* 489 F.2d 818 (5th Cir. 1973); *United States v. Bearden,* 423 F.2d 805 (5th Cir.), *cert. denied,* 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68 (1970); *Pinkney v. United States,* 380 F.2d 882 (5th Cir. 1967), *cert. denied,* 390 U.S. 908, 88 S.Ct. 831, 19 L.Ed.2d 876 (1968).

The trial judge in this case refused to give each of the inquiries submitted by defense counsel. She covered substantially all of the proposed questions, however, and indicated that she would reconsider any omitted question brought to her attention. Refusal under such circumstances could not have affected the basic fairness of appellant's trial. *See Ham v. South Carolina,* 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973); *Aldridge v. United States,* 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931);

---

6. Control was usurped by Niles and a third party for a short period of time. Appellants ultimately regained control.

*United States v. Eastwood, supra; United States v. Gassaway,* 456 F.2d 624 (5th Cir. 1972).

We perceive no basis for concluding that the trial court abused its discretion in refusing to examine each potential juror individually. Appellants have shown no prejudice resulting from the procedure used, and we have found none.

### Instruction Concerning Guilt of Participants in Fraudulent Sale

Finally, Carroll and Wilson argue that the district court improperly instructed the jury that a person may be guilty of securities fraud if he *participated* in the offer and sale of the stock. They contend that only offerors and sellers may be found guilty under the statute. The charge given was not erroneous. Section 77q(a) of title 15 U.S.C. states that it is unlawful for *any person* in the offer and sale of securities to defraud or to obtain money through material misrepresentations. Clearly the section is not limited solely to offerors and sellers, but extends also to those who are parties to the fraud. This result was reached in *Buie v. United States,* 420 F.2d 1207 (5th Cir. 1969), *cert. denied,* 398 U.S. 932, 90 S.Ct. 1830, 26 L.Ed.2d 97 (1970). There, this court found that "participation alone is sufficient to sustain a conviction for mail and securities fraud . . . ." *Id.* at 1209.

Having fully considered Wilson and Carroll's contentions and finding no error, we affirm their convictions.

AFFIRMED AS TO CARROLL AND WILSON, REVERSED AS TO McFARLAND.