UNITED STATES of America, Plaintiff–Appellee,

v.

Jerome L. PEEL, Defendant–Appellant.

No. 86–5443.

United States Court of Appeals, Eleventh Circuit.

Feb. 17, 1988.

Samuel I. Burstyn, Robert F. Dunlap, Miami, Fla., for Peel.

Leon B. Kellner, Sonia Escobio O'Donnell, Linda Collins Hertz, Harriett R. Galvin, Asst. U.S. Attys., Miami, Fla., for U.S.

Before KRAVITCH and CLARK, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge:

Jerome Peel appeals from his convictions of violations of 21 U.S.C. § 955a(a) and 21 U.S.C. § 955c.

## I

On February 25, 1985 appellant was aboard the sailing vessel "Pork Chop" in waters some five miles east of Delray Beach, Florida. The Pork Chop was encountered by the United States Coast Guard Cutter Cape Shoalwater and eventually boarded by several of her officers. Upon boarding the Pork Chop the Coast Guard officers discovered numerous green plastic bales of marijuana under the vessel's seat cushions. Appellant and his shipmate, Robert Lindsay, were arrested and transported aboard the Cape Shoalwater to the Port of Palm Beach, Florida.

On March 5, 1985 a grand jury for the Southern District of Florida handed down a three count indictment charging Peel and Lindsay with certain crimes. Count I of the indictment charged both men with conspiracy to import marijuana into the United States in violation of 21 U.S.C. § 963. Count II charged that Peel and Lindsay:

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, a quantity of marijuana, a Schedule I controlled substance; in violation of Title 21, United States Code, Section 955a(a) and Title 18, United States Code, Section 2.

Count III charged Peel and Lindsay with conspiracy in violation of 21 U.S.C. § 955c

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by

based on their alleged substantive crimes in violation of 21 U.S.C. § 955a(a).

Peel's motion for a separate trial was granted by the district court. After a jury trial he was acquitted on the 21 U.S.C. § 963 charge (under count I of the indictment) and found guilty on both the 21 U.S.C. § 955a(a) charge leveled in count II and the 21 U.S.C. § 955c charge reflected in count III.

## II

Appellant raises only one issue on appeal. He claims that in instructing the jury as to the elements of a violation of 21 U.S.C. § 955a(a) the district court constructively amended the indictment that charged him and thereby denied him his fundamental due process right under the fifth amendment to be tried solely on the charges set forth in the indictment. Appellant points out that in order to be convicted of a violation of § 955a(a) a person must have been "on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States,...."

In its instructions to the jury on the count II charge of a violation of 21 U.S.C. § 955a(a) the district court stated as follows:

Count II of this Indictment charges a violation of Title 21 U.S.Code 955(a) Subsection [(a)] which provides in pertinent part as follows: Quote, "It shall be unlawful for any person knowingly or intentionally to possess with intent to distribute a controlled substance," end quote. As you know, marijuana is a controlled substance within the meaning of the law.

In order to establish the offense alleged in Count II of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the Defendant was onboard a vessel of the United States, or that the

designation.

Defendant was a citizen of the United States onboard any vessel. (sic)

\* \* \* \* \* \*

Appellant did not object to the above instruction at trial.

Appellant maintains that because counts II and III of the indictment charged him only with crimes pertaining to a purported violation of 21 U.S.C. § 955a(a), conviction on both counts could properly result only from a finding by the jury that he was "on board a vessel of the United States." Nevertheless, the district court instructed the jury in a manner that permitted conviction on counts II and III based either on that finding or a finding that Peel was a "citizen of the United States onboard any vessel." Being "a citizen of the United States on board any vessel" is an element of the crime proscribed by 21 U.S.C. § 955a(b). Because a § 955a(a) violation cannot exist by virtue of an individual being a "citizen of the United States on board any vessel" Peel asserts that the district court's above-cited jury instruction constructively amended counts II and III of the indictment and permitted the jury to convict him of crimes not charged in the indictment.

Appellant contends that the district court's actions denied him his fundamental right to be tried solely on the charges set forth in the indictment returned against him by the grand jury. *Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960), *United States v. Figueroa*, 666 F.2d 1375 (11th Cir.1982). The testimony of his brother, John Peel, estab-

lished in evidence that appellant was a citizen of the United States.[1] Consequently, Peel avers that the district court's constructive amendment of the Indictment under which he was charged, considered in combination with the evidence of his United States citizenship, could well have resulted in the jury finding him guilty of a violation of 21 U.S.C. § 955a(a) based on the elements necessary for a violation of 21 U.S. C. § 955a(b), which was not charged in the indictment.

Relying on *United States v. Carroll*, 582 F.2d 942, 944–45 (5th Cir.1978), Peel argues that the district court's improper jury instruction constituted plain error requiring reversal of his conviction by this Court.

The Government responds to appellant's contentions on two levels. First, it asserts that this case should not be viewed as one involving a constructive amendment of a grand jury indictment that *per se* constituted plain error requiring reversal. Instead, the Government maintains that:

1. Appellant reads *Stirone* far too broadly and fails to distinguish it from the facts in this case;

2. Under the better-reasoned line of Eleventh Circuit cases, reversal is mandated only where improper jury instructions create a risk that the jury might convict the defendant for an uncharged crime; and

3. The line of Eleventh Circuit cases that indicate a rule of automatic reversal in this case have been overruled by the recent decisions of the U.S. Supreme Court in *Rose v. Clark*, 478 U.S. 570, 106 S.Ct.

---

1. Appellant's brother, John Peel, was called as a witness by the defense. The portion of his testimony that effectively established appellant's U.S. citizenship appears at R.Vol. III, 111–112 and is set forth below.

Q. Do you know Jerry Peel?
A. He's my brother.
Q. So you know him?
A. Well.
Q. And where was Jerry born?
A. West Palm Beach, St. Mary's Hospital.
Q. And has he been a Florida resident most of his life?
A. All of his life.
Q. Has he ever lived outside of Florida?

A. I think a year in Boston one time, six months in Vermont, once, maybe six months another time in Vermont. That's about it.

It is true that the Government did not adduce the testimony quoted above nor did it address the issue of appellant's citizenship in closing argument. Regardless, when juxtaposed with the erroneous jury instruction at issue, the testimony of John Peel is sufficient to provide a reasonable jury with a basis for finding beyond a reasonable doubt that appellant is a citizen of the United States. The fact that the evidence was not introduced by the Government is of no moment to any question of a possible effect on appellant's substantial rights to a fair trial.

3101, 92 L.Ed.2d 460 (1986) and *Pope v. Illinois,* —— U.S. ——, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987). The Government views these two cases as establishing that a harmless error analysis is permissible even where the trial court gives an erroneous jury instruction regarding an essential element of the offense.

The Government acknowledges that *Stirone* does stand for the proposition that a constructive amendment of an indictment is *per se* reversible error. However, the government implies in a footnote in its brief that the erroneous jury instruction in this case resulted only in a variance from the indictment handed down by the grand jury. The Government contends that in applying the rule of *Stirone* to cases where juries were improperly instructed on uncharged elements this Court has "stressed that the gravamen of the harm to the defendant is the possibility that 'the jury might have convicted the [defendant] on that extraneous element …'" (quoting *United States v. Ylda,* 653 F.2d 912, 913 (5th Cir.1981)), quoting *United States v. Bizzard,* 615 F.2d 1080, 1082 (5th Cir.1980) *cert. denied* 459 U.S. 973, 103 S.Ct. 305, 74 L.Ed.2d 286 (1982). *Accord, United States v. Figueroa,* 666 F.2d 1375, 1380 n. 4 (11th Cir.1982). Thus, the Government reasons that in *Stirone* the danger of conviction of the defendant on an uncharged element resulted from the juxtaposition of an improper jury instruction on an uncharged element and the introduction by the prosecution of evidence the jury could have relied upon in finding that element had been satisfied. It insists that danger was not present in the instant case because no evidence was presented on the uncharged element addressed in the jury instructions. Thus, the Government contends that the district court's reference to the uncharged element in its instructions to the jury could not have resulted in the jury convicting appellant on the basis of that uncharged element. *Ylda,* 655 F.2d at 912–13.

The Government believes that in the absence of probative evidence the jury could

have relied upon to find the element of a § 955a(b) violation present in appellant's case, a proper application of *Stirone* does not require that Peel's conviction be reversed. For that reason and because it finds the evidence proving that appellant did commit the charged 21 U.S.C. § 955a(a) offense to be overwhelming, the Government takes the position that there is no possibility the improper jury instruction at issue could have prompted the jury to find appellant guilty. Instead of plain error warranting reversal, the Government views the error made by the district court as harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). On the record before us we cannot agree.

### III

The key to the Government's attempt to characterize this case as one involving harmless error by the district court is the assertion that there is no evidence in the record that establishes appellant's U.S. citizenship. The simple answer is that the record does contain probative evidence from which a reasonable jury could have found that appellant was a citizen of the United States. Because such evidence exists in the record, it is clear Peel could have been convicted of a crime not charged in the indictment. Therefore, the particular type of harmless error analysis urged by the Government must be deemed inapposite here. Instead, our analysis will center upon the more central question of whether the district court's erroneous jury instruction resulted in a constructive amendment of the indictment.

The Fifth Amendment to the United States Constitution provides that … "[n]o person shall be held to answer for a capital, or otherwise infamous crime unless on a presentment or indictment of a Grand Jury…."

The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting inde-

pendently of either prosecuting attorney or judge.

*Stirone,* 361 U.S. at 218, 80 S.Ct. at 273. Since the time of *Ex parte Bain,* 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed.2d 849 (1887) "... it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone,* 361 U.S. at 215–16, 80 S.Ct. at 272–73.

In *United States v. Carroll,* 582 F.2d 942 (5th Cir.1978), the constitutional importance of *Stirone* was emphasized.[2] In referring to the primary functions served by the grand jury indictment (limiting an accused's jeopardy to the offenses charged by an independent grand jury, notice to the defendant of the charges against him, and protection against double jeopardy) the Fifth Circuit in that case observed as follows.

> These essential functions are so fundamental that the procedure used to obtain an indictment must be strictly followed in order to insure a fair trial for the accused. The requirement is not met where as here, an instruction has the effect of amending [footnote omitted] the indictment by charging an extraneous crime....

*Carroll,* 582 F.2d at 944. In *Carroll* the Fifth Circuit observed further:

> although errors that are constitutional in nature may not be plain error *per se,* (citations omitted) "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless ...". *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 827–28 [17 L.Ed.2d 705]. The right of a defendant to be tried under an indictment presented solely by a grand jury is one such right. *Ex Parte Bain* excluded the notion of a non-prejudicial amendment to the indictment, and since that time, the concept of harmless error has not been applied to amendments.

**2.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions

*Carroll,* 582 F.2d at 944–45, citing *Gaither v. United States,* 134 U.S.App.D.C. 154, 413 F.2d 1061 (1969).

There can be no doubt that pursuant to *Carroll* the rule in the Eleventh Circuit is that a jury instruction which results in the constructive amendment of a grand jury indictment is reversible error *per se.* Thus, the first task here must be to ascertain whether in fact the district court's jury instructions constructively amended counts II and III of the indictment.

> An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. *United States v. Salinas,* 654 F.2d 319, 324 (5th Cir. Unit A August 1981), Quoting *Gaither,* 413 F.2d at 1071.

> A constructive amendment to the indictment occurs where the jury instructions "so modif[y] the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment."

*United States v. Lignarolo,* 770 F.2d 971, 981, n. 15 (11th Cir.1985), *cert. denied,* 1105 U.S. 476, 106 S.Ct. 1948, 90 L.Ed.2d 358 (1986).

It is clear that the erroneous instruction here did alter the charging terms of the grand jury indictment by advising the jurors that they could convict appellant on the charged offense based on a finding that does not constitute an element of the charged crime. The instruction permitted conviction on the basis of the elements of § 995a(b) which was not the crime charged in the indictment. Finally, because the jury instructions pertaining to the count III, 21 U.S.C. § 955c, conspiracy charge clearly identified the object of the conspiracy to be a violation of § 955a(a), the district court's failure to properly instruct the jury as to the elements of that substantive underlying crime must be deemed to have altered the charging terms of count III of the grand jury indictment.

of the former Fifth Circuit rendered prior to October 1, 1981.

It is true that in light of the evidence presented on the charged § 955a(a) and § 955c offenses the jury's verdict of guilty may well have reflected its determination beyond a reasonable doubt that appellant had committed the crimes actually charged in counts II and III of the grand jury indictment. Nevertheless, it is just as reasonable on the record before us to conclude appellant was convicted of violating § 955a(b) and conspiring to violate the same section, neither of which was charged in the indictment.

Clearly appellant was denied his fundamental constitutional right under the Fifth Amendment to be tried and convicted only on the charges presented in the indictment returned by the grand jury. *Stirone,* 361 U.S. at 217, 80 S.Ct. at 273. An error of that constitutional magnitude cannot be deemed harmless. *United States v. Johnson,* 713 F.2d 633, 643 (11th Cir.1983), *cert. denied,* 465 U.S. 1087, 104 S.Ct. 1447, 79 L.Ed.2d 766 (1984), *Carroll,* 582 F.2d at 944. *See Stirone,* 361 U.S. at 217, 80 S.Ct. at 273.[3]

## IV

The judgments of conviction entered against appellant on count II (21 U.S.C. § 955a(a)) and count III (21 U.S.C. § 955c) are REVERSED and the case REMANDED for a new trial on counts II and III.

---

**3.** The Government's reliance on the decisions of the U.S. Supreme Court in *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986) and *Pope v. Illinois,* —— U.S. ——, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987) is misplaced. Although both of those cases involved erroneous jury in-structions on an essential element of a charged crime that affected a defendant's constitutional rights, neither of the errors at issue in those cases constituted a constructive amendment of a grand jury indictment. ·