[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14302
_____

D.C. Docket No. 8:11-cr-00012-JDW-AEP-2

UNITED STATES OF AMERICA,

Plaintiff -Appellee,

versus

KENNETH LAMAR MADDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(August 16, 2013)

Before DUBINA, JORDAN and COX, Circuit Judges.

COX, Circuit Judge:

The principal issue we address in this appeal is this: By what standard do we review a district court's unobjected-to constructive amendment of a defendant's indictment?  We hold that we apply plain-error review.  Having concluded that the district court constructively amended Count 2 of Kenneth Lamar Madden's

superseding indictment and that the amendment satisfies the plain-error standard, we reverse Madden's conviction on Count 2 and remand.

## I. FACTS & PROCEDURAL HISTORY

In December 2010, Madden was arrested after participating in a scheme to rob a drug stash house. A federal grand jury returned a superseding indictment charging him with three counts. Count 1 charged that Madden conspired with others to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). (R.1-57 at 1.) Count 2 charged:

> [Kenneth Lamar Madden] . . . did knowingly use and carry a firearm during and in relation to a crime of violence and did knowingly possess a firearm in furtherance of . . . a drug trafficking crime . . . .

(*Id.* at 2.) Count 3 charged that he possessed with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. (*Id.*)

The case proceeded to trial. The jury returned a verdict of guilty on Counts 1 and 2 and on the lesser-included offense of possession of cocaine on Count 3. (R.1-108.) The district court sentenced Madden to life imprisonment on Count 1, a consecutive sixty months on Count 2, and ninety days concurrent on Count 3. (R.1-126.) Madden appeals.

The district court's instructions to the jury on Count 2 were somewhat confusing. Initially, the court correctly described the charge in Count 2 and used

2

language that mirrored the superseding indictment.  The court said that Count 2 charges "that the defendant knowingly used and carried a firearm during and in relation to a crime of violence . . . and did knowingly possess a firearm in furtherance of a drug trafficking offense."  (R.7-151 at 72).  A few moments later, however, the court used different language and charged the jury on Count 2 as follows:

> The superseding indictment alleges that the defendant knowingly carried a firearm during and in relation to a drug trafficking offense or possessed a firearm in furtherance of a drug trafficking offense. . . .
> . . . It is sufficient if the government proves beyond a reasonable doubt that the defendant knowingly violated the law in either way.

(*Id.* at 78–79.)[1]  After the court instructed the jury, the court asked Madden's attorney if she objected to the instructions, and she replied that she did not.  (*Id.* at 91–92.)

---

[1] Along with giving an instruction that deviated from Count 2's language in the superseding indictment, the district court gave the jury a verdict form with language that differed from the indictment.  The verdict form said: "As to the offense of using, carrying, or possessing a firearm during and in relation to or in furtherance of a drug trafficking crime . . . ."  (R.1-108.)  And in its closing argument, the Government used language different from that used by the district court when discussing Count 2.  The Government said: "Now, Count Two charges the defendant with carrying or possessing or aiding another in carrying or possessing a firearm in furtherance of a drug trafficking crime."  (R.7-151 at 26.)

## II. ISSUES ON APPEAL

We address two issues: first, whether the district court's jury instructions constructively amended Count 2 of the superseding indictment, and second, if the court did constructively amend the indictment, whether the error is reversible error.

Madden also presents four other issues on appeal. He contends that (1) a fatal variance occurred on the Count 1 charge, (2) the Government presented insufficient evidence to prove that he conspired to possess with the intent to distribute as charged in Count 1, (3) he was denied a fair trial, and (4) his life sentence is cruel and unusual punishment. We have carefully considered these contentions and find them without merit. As a result, we address only the issues related to Madden's contention that the district court constructively amended Count 2.

## III. DISCUSSION

Madden contends that the district court's jury instructions constructively amended Count 2 of the superseding indictment in violation of the Fifth Amendment. To resolve this issue, we decide (A) whether the district court's instructions constructively amended Count 2 of the superseding indictment and (B) if so, whether the court committed reversible error in doing so.

4

A.

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."  U.S. Const. amend. V.  Under Supreme Court case law interpreting the Fifth Amendment, "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him."  *Stirone v. United States*, 361 U.S. 212, 217, 80 S. Ct. 270, 273 (1960).  Simply put, a defendant can be convicted only of a crime charged in the indictment.  *United States v. Dortch*, 696 F.3d 1104, 1111 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 993 (2013).

The district court may not constructively amend the indictment.  *Stirone*, 361 U.S. at 215–16, 80 S. Ct. at 272.  A constructive amendment "occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment."  *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990).

Count 2 of the superseding indictment reads:

On or about December 16, 2010, in the Middle District of Florida, KENNETH LAMAR MADDEN . . . did knowingly use and carry a firearm during and in relation to a *crime of violence* and did knowingly possess a firearm in furtherance of . . . a drug trafficking crime . . . .

5

(R.1-57 (emphasis added).)   So, under Count 2 as charged in the superseding indictment, a jury could convict Madden if the jury found that he (1) knowingly used and carried a firearm during and in relation to a crime of violence or (2) knowingly possessed a firearm in furtherance of a drug trafficking crime.[2] However, the court instructed the jury:

> The superseding indictment alleges that the defendant knowingly carried a firearm during and in relation to a *drug trafficking offense* or possessed a firearm in furtherance of a drug trafficking offense.

(R. 7-151 at 78 (emphasis added).)

The district court's instructions constructively amended Count 2.   The instructions allowed a conviction for "carry[ing] a firearm during and in relation to a drug trafficking offense," when the indictment only charged Madden with possessing a firearm "in furtherance of . . . a drug trafficking crime" and using and carrying a firearm "during and in relation to a crime of violence."[3]

---

[2] Even though the superseding indictment charges that Madden "did knowingly use and carry a firearm during and in relation to a crime of violence *and* did knowingly possess a firearm in furtherance of . . . a drug trafficking crime," (R.1-57 at 2 (emphasis added),) Madden agrees that the Government only had to prove that Madden violated the law in one of those ways, (Appellant's Br. at 21.)

[3] The Government argues that Madden makes the wrong argument (that the district court erroneously replaced "crime of violence" with "drug trafficking offense") on appeal, and for that reason, we should not consider whether the court erred in adding "during and in relation to." (Appellee's Br. at 23–24.)   Regardless of how one looks at it, the court's instruction still provided a basis for conviction that was not included in the indictment—carrying a firearm during and in relation to a drug trafficking offense.

Adding "during and in relation to" broadened the possible bases for conviction beyond what was specified in the superseding indictment. As the Government concedes, (Appellee's Br. at 25–26, 32,) "in furtherance of" is broader than "during and in relation to." *See United States v. Timmons*, 283 F.3d 1246, 1251–53 (11th Cir. 2002) (explaining the concepts of "in furtherance of" and "during and in relation to"); *United States v. Ceballos-Torres*, 218 F.3d 409, 413 (5th Cir. 2000) ("There are situations where a possession would be 'during and in relation to' drug trafficking without 'furthering or advancing' that activity."). This change broadened the possible bases for conviction beyond what is contained in the indictment, and as a result, the district court constructively amended the indictment.

## B.

Because the district court constructively amended the superseding indictment, we must decide whether the court's constructive amendment is reversible error. To answer this question, we need to (1) decide what standard of review applies and (2) apply that standard to this case.

## 1.

Madden neither objected to the district court's jury instructions nor raised the constructive-amendment issue before the district court. Ordinarily we review

7

issues not raised before the district court for plain error.  *See* Fed. R. Crim. P. 52(b).  But Madden contends that a constructive amendment is a constitutional error that is per se reversible error, and therefore, he does not have to satisfy the plain-error standard.  So, the issue before us is whether we review an unobjected-to constructive amendment for plain error or whether such an amendment always requires reversal.

There are conflicts in our case law on this issue.  *Compare Dortch*, 696 F.3d at 1112 (applying plain-error review), *with United States v. Peel*, 837 F.2d 975, 979 (11th Cir. 1988) (concluding that a constructive amendment is a per se reversible error).  When we have conflicting case law, we follow our oldest precedent.  *See United States v. Levy*, 379 F.3d 1241, 1245 (11th Cir. 2004) ("[W]here there is conflicting prior panel precedent, we follow the first in time.").

Our oldest prior precedent appears to be *United States v. Carroll*, 582 F.2d 942 (5th Cir. 1978).[4]  In *Carroll*, the district court, while instructing the jury, deviated from the language of the indictment and included an offense that was not charged in the indictment. *Id.* at 943–44. The jury convicted him. *Id.* at 943.  On

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding all Fifth Circuit precedent decided before October 1, 1981.

appeal, the defendant argued that the court's incorrect instruction constructively amended the indictment in violation of the Fifth Amendment. *Id.*

The former Fifth Circuit noted that the defendant did not object to the improper instruction and reviewed the alleged error under a plain-error standard. *Id.* at 943–44. The court determined—and the government conceded—that the improper instruction was erroneous. *Id.* at 944. But the government argued that the error did not affect the defendant's substantial rights because "there was no fundamental unfairness which would warrant . . . setting the conviction aside." *Id.* The court rejected this argument, concluding that "there are some constitutional rights so basic to a fair trial that their infraction *can never be treated as harmless*" and that "[t]he right of a defendant to be tried under an indictment presented solely by a grand jury is one such right." *Id.* at 944 (quoting *Chapman v. California*, 386 U.S. 18, 23, 875 S. Ct. 824, 827-28 (1967)) (emphasis added). For that reason, the court reversed the defendant's conviction.

At first glance *Carroll* looks as if it governs this case. But "our prior precedent is no longer binding once it has been substantially undermined or overruled by . . . Supreme Court jurisprudence." *United States v. Gallo*, 195 F.3d 1278, 1284 (11th Cir. 1999). And *Carroll* was decided long before the Supreme Court's opinion in *United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770 (1993),

9

addressing plain-error review.  For the reasons that follow, we conclude that *Olano* has overruled—or at the very least, substantially undermined—*Carroll* to the extent that *Carroll* always requires reversal when a constructive amendment occurs.

*Olano* "clarif[ied] the standard for 'plain error' review," *id.* at 731, 113 S. Ct. at 1776, held that forfeited errors are subject to plain-error review, *id.* at 731, 113 S. Ct. at 1776, and outlined a test to determine if a district court had committed plain error, *id.* at 732–37, 113 S. Ct. at 1776–79.  The plain-error test has four prongs: there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are met, then a court may exercise its discretion to correct the error if (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* at 732, 113 S. Ct. at 1776 (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15, 105 S. Ct. 1038, 1046 (1985)).  Importantly, "a court of appeals *may correct* the error . . . only if it meets these criteria."  *Id.* at 732, 113 S. Ct. at 1777 (first emphasis added).

We have read *Carroll* as establishing that a constructive amendment always requires reversal regardless of whether the defendant objected to the amendment.  *See, e.g.*, *Peel*, 837 F.2d at 979 (concluding that "[t]here can be no doubt that

10

pursuant to *Carroll* the rule in the Eleventh Circuit is that a jury instruction which results in the constructive amendment of a grand jury indictment is reversible error *per se*" even if a defendant fails to object). In other words, under this reading of *Carroll*, if we conclude that the district court constructively amended the indictment, we must reverse the conviction.

But to the extent that *Carroll* holds that an unobjected-to constructive amendment always requires reversal, *Olano* has abrogated that holding. *Olano* teaches that our authority to correct a forfeited error is always discretionary. 507 U.S. at 732, 113 S. Ct. at 1776 ("Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals . . . ."); *id.* at 735, 113 S. Ct. at 1778 ("Rule 52(b) is permissive, not mandatory."). Even if we conclude that the plain-error test is satisfied, we may correct the error, but we are not required to do so. *Id.* at 735, 113 S. Ct. at 1778; *see also United States v. Duncan*, 400 F.3d 1297, 1301 (11th Cir. 2005) ("We have discretion to correct an error under the plain error standard . . . .").

Thus, *Olano*'s holding that a court of appeals always has the discretion to correct a forfeited error clashes with *Carroll*'s holding that we must always reverse when there is an unobjected-to constructive amendment. As a result, we conclude that *Carroll* has been undermined to the point of abrogation by *Olano*, and we are

11

no longer bound by *Carroll*. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (noting that we are bound by the rule of our prior precedent "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court").

And the Fifth Circuit has reached the same conclusion—*Olano* abrogated its precedent requiring reversal when a district court constructively amends an indictment. *See United States v. Fletcher*, 121 F.3d 187, 193 (5th Cir. 1997) ("Following *Olano*, this circuit . . . concluded that we have *discretion* to correct a [constructive amendment]—an error that, prior to *Olano*, would have required reversal *per se*.").

Because *Carroll* no longer binds us, we must decide what standard of review applies in this case. We look to *Olano* to answer this question. *Olano* tells us that we review a forfeited error for plain error. 507 U.S. at 732, 113 S. Ct. at 1776. And we can only correct that error if all four prongs of the plain-error test are met. *Id.* at 732, 113 S. Ct. at 1777 ("[A] court of appeals may *correct* the error . . . *only if* it meets these criteria." (second emphasis added)). To that end, we hold that we may only reverse a defendant's conviction based on an unobjected-to constructive amendment if the constructive amendment satisfies the *Olano* plain-error standard. That is, the amendment must (1) be an error (2) that is plain (3) that affects the

12

defendant's substantial rights and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 732, 113 S. Ct. at 1777.

At least five of our sister circuits follow this approach: they do not require reversal when a defendant fails to object to the district court's constructive amendment of an indictment, but instead, they apply *Olano* plain-error review. *See United States v. Bohuchot*, 625 F.3d 892, 897 (5th Cir. 2010); *United States v. Gavin*, 583 F.3d 542, 545–46 (8th Cir. 2009); *United States v. Brandao*, 539 F.3d 44, 57 (1st Cir. 2008); *United States v. Brown*, 400 F.3d 1242, 1253–54 (10th Cir. 2005); *United States v. Remsza*, 77 F.3d 1039, 1043 (7th Cir. 1996).

Moreover, applying *Olano*'s plain-error review to unpreserved constructive amendment challenges is not novel in this circuit; in fact, it comports (for the most part) with our post-*Olano* case law on this issue. *See Dortch*, 696 F.3d at 1112 (reviewing an unobjected-to constructive amendment for plain error); *United States v. Starke*, 62 F.3d 1374, 1380–81 (11th Cir. 1995) (same); *United States v. Flynt*, 15 F.3d 1002, 1006 (11th Cir. 1994) (same).[5]

---

[5] Madden cites five cases for the proposition that a constructive amendment is a per se reversible error. But these cases do not alter our conclusion because they involve defendants who objected to the district court's constructive amendment. *See United States v. Cancelliere*, 69 F.3d 1116, 1119 (11th Cir. 1995) (the court permitted a redaction of the indictment "[o]ver objection"); *United States v. Artrip*, 942 F.2d 1568, 1570 (11th Cir. 1990) (the defendant proposed his own jury instructions, which the court refused to give); *United States v. Weissman*, 899 F.2d 1111, 1113 (11th Cir. 1990) (the district court supplemented its jury instructions "after

13

The only outlying case in our post-*Olano* case law is *United States v. Williams*, 527 F.3d 1235 (11th Cir. 2008). In *Williams*, the defendant failed to object to the district court's instructions that she argued on appeal constructively amended her indictment. *Id.* at 1245–46 & n.8. Discussing the standard of review, we said in a footnote:

> Normally, we review challenges to jury instructions not raised at trial for plain error, reversing only if the instructions were so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or . . . seriously affect[ ] the fairness, integrity or public reputation of [the] judicial proceeding. Because Williams raises a constitutional challenge to this instruction under the Fifth Amendment's grand jury requirement, however, we frame our review under the standard set forth in *Stirone* . . . . Indeed, Williams's challenge goes to whether the district court, in giving those instructions, exceeded its jurisdiction.

*Id.* at 1246 n.8 (alterations in original) (citation omitted) (internal quotation marks omitted). The footnote does not clearly identify "the standard set forth in *Stirone*," but insofar as that standard is that an unobjected-to constructive amendment always requires reversal, *Olano* controls for the reasons we explained above. Moreover, the *Williams* language quoted above is dicta—the court concluded that

---

entertaining . . . objections from counsel"); *Stirone*, 361 U.S. at 214, 80 S. Ct. at 271–72 (the defendant objected to the constructive amendment). Although it is not clear from the opinion, we can safely assume that the defendant in *United States v. Behety* objected to the constructive amendment because the opinion is quick to point out that the defendant did not object to a different issue on appeal and then proceeds to conduct a plain-error review. 32 F.3d 503, 510 (11th Cir. 1994).

14

the district court did not constructively amend the indictment and therefore did not reach the issue of whether such an amendment was reversible error. *Id.* at 1247. "And dicta is not binding on anyone for any purpose." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010). *Williams*, therefore, does not affect our holding.

In sum, we hold that *Olano* has abrogated *Carroll* to the extent that *Carroll* always requires reversal when a district court constructively amends an indictment, even when the defendant fails to object. In cases where the defendant fails to object to a constructive amendment, we apply traditional plain-error review as defined in *Olano*.

2.

We may reverse a conviction under plain-error review if we find that four prongs are met: there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are satisfied, we may exercise discretion to correct the error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 732, 113 S. Ct. at 1776.[6]

---

[6] Madden did not argue that the district court committed plain error in his initial brief, and we generally refuse to consider arguments raised for the first time in an appellant's reply brief. *See United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir. 1996). Nevertheless, we will consider whether the constructive amendment here amounts to plain error. The Government addressed the issue. *Cf. Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th

15

First, the district court erred when it constructively amended the indictment in violation of the Fifth Amendment. An error is a "[d]eviation from a legal rule." *Id.* at 732–33, 113 S. Ct. at 1777. Our case law establishes that constructively amending an indictment is a departure from the legal rule that "a defendant can only be convicted for a crime charged in the indictment." *Keller*, 916 F.2d at 633.

Second, the error was plain. "For a plain error to have occurred, the error must be one that is obvious and is clear under current law." *Dortch*, 696 F.3d at 1112 (quoting *United States v. Carruth*, 528 F.3d 845, 846 n.1 (11th Cir. 2008)). It is clear that "in furtherance of" and "during and in relation to" are alternative methods of conviction. *See Timmons*, 283 F.3d at 1251–53. And it is clear under current law that a court errs when it allows for an alternative method of conviction that is not included in the indictment. *See United States v. Bizzard*, 615 F.2d 1080, 1082 (5th Cir. 1980) (noting that because "the defendant was charged by the court with an additional element not presented by the grand jury" and "the jury might have convicted the [defendant] on that extraneous element, the district court's error is *clearly* reversible" (emphasis added)).

---

Cir. 2012) (noting that the purpose of the requirement that issues be raised in an initial brief is so the responding party has an opportunity to respond in writing to the argument). And even if the issue were not raised at all, we have the "power to notice a 'plain error' though it is not assigned or specified.'" *Silber v. United States*, 370 U.S. 717, 718, 82 S. Ct. 1287, 1288 (1962) (quoting *United Bhd. of Carpenters & Joiners of Am. v. United States*, 330 U.S. 395, 412, 67 S. Ct. 775, 784 (1947)).

16

Third, the error affected Madden's substantial rights. A plain error affects the defendant's substantial rights when the error is "prejudicial." *Olano*, 507 U.S. at 734, 113 S. Ct. at 1778. That is, the error "affected the outcome of the district court proceedings." *Id.* at 734, 113 S. Ct. at 1778. Here, the error prejudiced Madden. Having considered the evidence received at trial, Count 2 of the indictment, and the court's jury instructions, we conclude that Madden may well have been convicted on a charge not in the indictment. In the end, because we cannot say "with certainty" that with the constructive amendment, Madden was convicted solely on the charge made in the indictment, *see Stirone*, 361 U.S. at 217, 80 S. Ct. at 273, we hold that the amendment prejudiced him.

Fourth, we find it self-evident in this case that the error seriously affects the fairness, integrity, and public reputation of judicial proceedings. *See United States v. Floresca*, 38 F.3d 706, 714 (4th Cir. 1994) (en banc) ("[C]onvicting a defendant of an unindicted crime affects the fairness, integrity, and public reputation of judicial proceedings in a manner most serious.").

## IV. CONCLUSION

Accordingly, we exercise our discretion under plain-error review and reverse Madden's conviction on Count 2.  We affirm Madden's other convictions.  The case is remanded to the district court for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.