[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11641
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20835-FAM-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

NOEL TAYLOR,
a.k.a. Juicy,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 25, 2020)

Before ED CARNES, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Noel Taylor sold drugs to an individual cooperating with law enforcement. He was pulled over immediately after the transaction and police found $1,000 cash, a gun, and 129 baggies of crack cocaine in his car.  He pleaded guilty to conspiracy to possess with intent to distribute cocaine, possession of a firearm and ammunition by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime.  At his plea hearing there was some confusion because the plea agreement had the wrong counts written in it.  The court twice suggested delaying the hearing, but Taylor's attorney said that Taylor was "ready to proceed now if the Court would permit."

The court went through the plea colloquy, but it did not tell Taylor that the government could use any false statements made under oath against him in a perjury or false statement prosecution.  It did not advise him that he had a right to plead not guilty or to change his plea.  It did not advise him that he had a right to a jury trial, or that at trial he would be able to confront and cross-examine adverse witnesses, be protected from compelled self-incrimination, be able to testify and present evidence, and be able to compel witnesses to attend.  Nor did it advise him that he was giving up all of those rights by pleading guilty.

Before sentencing Taylor moved for a downward variance.  He also indicated that he wanted to withdraw his plea and have new counsel appointed. But at his sentencing hearing he said that he did not want to withdraw his plea.

2

The judge granted Taylor's motion for a downward variance and sentenced him to 240 months in prison, the mandatory minimum.

This is Taylor's appeal. He contends that the district court's plea colloquy was deficient because the court failed to ensure that Taylor knowingly and voluntarily waived all his rights as required under Federal Rule of Criminal Procedure 11.[1]

Because Taylor did not object to the Rule 11 colloquy in district court, we review only for plain error. United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). To prevail under plain error review, a criminal defendant must show the following: (1) the district court erred; (2) that error was "plain"; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. Madden, 733 F.3d 1314, 1322 (11th Cir. 2013). To establish that the error affected his substantial rights, Taylor must show "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different

---

[1] Taylor also filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, arguing that the crimes he pleaded guilty to were unconstitutionally vague and his counsel was ineffective. He did not claim that his plea was deficient under Rule 11 of the Federal Rules of Criminal Procedure. The district court dismissed that motion without prejudice because the pending direct appeal divested it of jurisdiction.

result is sufficient to undermine confidence in the outcome of the proceeding." Id. (quotation marks omitted).

The government concedes, and we agree, that by failing to inform Taylor of "several important trial rights," the court erred, and the error was plain. But Taylor is not entitled to relief because he fails to show that the error affected his substantial rights. In fact, Taylor admits on appeal that "[i]t is impossible to definitively contend that Taylor would have aborted his plea and decided to go to trial" if the court had completely advised him of his rights under Rule 11.

Taylor does say in his brief that "a proper Rule 11 colloquy would have altered his decision." But a bare assertion that a proper Rule 11 colloquy would have "altered his decision" is not enough to show that the error affected his substantial rights. See United States v. Presendieu, 880 F.3d 1228, 1239 n.3 (11th Cir. 2018) ("Presendieu has not made this showing because he has not cited any evidence showing that he otherwise would not have pled guilty."). Looking at the entire record, Taylor has not pointed to any evidence that he would not have pleaded guilty if given the proper Rule 11 colloquy. Indeed, all the evidence in the record indicates that he likely would still have pleaded guilty. Taylor was caught with the drugs and gun, and he has pointed to no defense he might assert at trial. The court asked several times during Taylor's sentencing whether he wanted to

4

withdraw his plea, and each time Taylor said no.  His substantial rights were not affected.

**AFFIRMED.**