[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13229
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20956-MGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER STACY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 5, 2020)

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

In this appeal on remand from the Supreme Court we address Christopher Stacy's arguments that his indictment was jurisdictionally deficient and, alternatively, that his plea was constitutionally invalid. After we affirmed Stacy's conviction for being a felon in possession of a loaded firearm in violation of 18 U.S.C. § 922(g)(1), *United States v. Stacy*, 771 F. App'x 956 (11th Cir. 2019), the Supreme Court issued its decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). The Court then granted Stacy's petition for certiorari, vacated our judgment, and remanded his appeal for reconsideration in the light of *Rehaif.* We ordered the parties to file supplemental letter briefs addressing the effect of *Rehaif* on Stacy's conviction.

In *Rehaif*, the Supreme Court held that the government must prove that the defendant both knew that he possessed the firearm and that he knew of his prohibited status in order to be convicted under § 922(g). In so holding, the Court examined the language of § 922's penalty provision, 18 U.S.C. § 924(a)(2),[1] which

---

[1]    Section 924(a)(2) provides: "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more

2

includes the modifier "knowingly."  139 S. Ct. at 2195-96.  The Court also noted

that such a reading was consistent with the basic principle of requiring *mens rea* in

criminal statutes.  *Id.* at 2196.

Stacy argues that the underlying indictment was jurisdictionally deficient

because it failed to allege that he knew he was a felon when he possessed the

firearm and because it failed to include a reference to 18 U.S.C. § 924(a)(2).

Because he pled guilty, Stacy must show a jurisdictional defect to his indictment

because the plea waived all non-jurisdictional defects.  *United States v. Brown*, 752

F.3d 1344, 1347 (11th Cir. 2014).   In *Brown*, we noted that the question to ask

when examining whether an indictment defect is jurisdictional is "whether the

indictment charged the defendant with a criminal 'offense against the laws of the

United States.'" 752 F.3d at 1353.  While the omission of an element may render

the indictment insufficient, it does not strip jurisdiction from the district court.  *Id.*

at 1353-54.

This court recently rejected both of Stacy's jurisdictional arguments in

*United States v. Bates*, 960 F.3d 1278 (11th Cir. 2020).  There, the court relied on

_____

than 10 years, or both."

*United States v. Moore*, 954 F.3d 1322 (11th Cir. 2020), where the court explained that "the absence of an element of an offense in an indictment is not tantamount to failing to charge a criminal offense against the United States." 954 F.3d at 1333. "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an offense against the laws of the United States and, thereby, invokes the district court's subject-matter jurisdiction." *Brown*, 752 F.3d at 1354 (rejecting a jurisdictional challenge based on a missing *mens rea* element in the indictment) (quotation omitted).

Here, the indictment charges Stacy with "knowingly possess[ing] a firearm and ammunition in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1)." This sentence both charges Stacy with violating a valid federal statute and alleges an offense against the United States. Therefore, we reject Stacy's argument that his indictment was jurisdictionally deficient.

Alternatively, Stacy argues that his guilty plea was constitutionally invalid because he was not informed of the nature of the charge against him when the indictment failed to allege and plea agreement failed to reveal that he knew he was a felon at the time he possessed the firearm. Because Stacy did not raise this issue below, we review it for plain error. "The plain-error test has four prongs: there

4

must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are met, then a court may exercise its discretion to correct the error if (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013) (quotation marks omitted). To demonstrate that an error affected his substantial rights, a defendant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. __, __, 136 S. Ct. 1338, 1343 (2016) (quotation marks omitted).

Both parties agree that Stacy has met the first two prongs of plain-error review by showing an error that was clear or obvious. *See Henderson v. United States*, 568 U.S. 266, 273, 133 S. Ct. 1121, 1127 (2013) (explaining that the first two elements of plain error are met if an error becomes clear while the case is on appeal). Because the plea colloquy did not establish that Stacy knew he had been convicted of "a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), the error was plain under *Rehaif*.

For the third prong of plain-error review, to establish that his substantial rights were affected, Stacy "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*,

5

542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). Because the plain-error doctrine is intended to "correct only particularly egregious errors," *United States v. Young*, 470 U.S. 1, 15, 105 S. Ct. 1038, 1046 (1985), we "may consult the whole record when considering the effect of any error on substantial rights," *United States v. Vonn*, 535 U.S. 55, 59, 122 S. Ct. 1043, 1046 (2002).

In *Bates*, we rejected a similar challenge to a plea based on *Rehaif*. We noted that at neither his plea hearing nor his sentencing did Bates object to or express confusion about the government's statement that he was a seven-time convicted felon. 960 F.3d at 1296. Bates had not asserted that he did not know his status. Had he raised the issue, we noted that there was "overwhelming evidence" that "Bates knew he was a felon at the time he possessed a firearm." *Id.* (citing *Rehaif*, 139 S. Ct. at 2198, for the proposition that knowledge can be proven by circumstantial evidence). The court surmised that had Bates known of the enhanced burden on the government, "the probability is virtually zero that it would have changed his decision to plead guilty." *Id.*

Here, Stacy cannot show that his substantial rights were affected. First, he has not asserted that he would not have pleaded guilty had he known of the additional burden on the government to show he knew he was a felon at the time that he possessed the firearm. Second, the record is clear that Stacy knew he had

6

been convicted of a felony "punishable by imprisonment for a term exceeding one year." At the time he possessed the loaded firearm, he had received multiple sentences of more than one year of imprisonment for serious felonies—including attempted murder, robbery, and attempted carjacking. Most significantly, Stacy had over four and a half years in state prison resulting from his convictions for robbery and aggravated assault, and was released from that prison sentence less than two months before possessing the loaded firearm at issue here. Because the record indicates that Stacy was aware of his status as a convicted felon at the time of his possession of a firearm, there is no reason to believe that he would have continued to trial absent the district court's error in not informing him that the government was required to prove "that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. In other words, it is clear that Stacy cannot demonstrate that, but for the error, there is a reasonable probability that he would not have entered the plea of guilty at issue here.

For the foregoing reasons, we affirm the district court.

AFFIRMED.

7