[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15430
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00198-VEH-PWG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO GONZALEZ-FLORES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 18, 2014)

Before TJOFLAT, WILSON and ANDERSON , Circuit Judges.

PER CURIAM:

Alfonso Gonzalez-Flores was charged in one count with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and in another count with possessing, with intent to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) . He entered into a plea agreement and pled guilty to the conspiracy count, and the District Court sentenced him to a prison term of 108 months, at the bottom of the Guidelines range of 108 to 135 months.[1] He now appeals his conviction, challenging the District Court's failure to record and have transcribed during his guilty plea hearing (1) the English-to-Spanish and Spanish-to-English communications between him and the court interpreter, or (2) the interpreter's identification, qualifications, or oath. He argues that the Court Reporter Act's "verbatim" requirement in 28 U.S.C. § 753(b), Federal Rule of Evidence 604, and the Court Interpreters Act in 28 U.S.C. § 1827 necessitate that these portions of the hearing be recorded or transcribed, and that the absence of such has prevented his new counsel on appeal from reviewing the record to determine the voluntariness of his plea.

We review issues not raised before the district court for plain error. *United States v. Madden*, 733 F.3d 1314, 1319 (11th Cir. 2013). Establishing plain error requires that a defendant show (1) an error (2) that is plain and (3) that has affected

---

[1] *See* Presentence Report at ¶ 46.

his substantial rights. *Id.* at 1320. Even if a defendant meets this burden, we need not remedy the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (alterations omitted). An error is plain if it is obvious and clear under current law. *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir.), *cert. denied*, 134 S.Ct. 304 (2013). "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

## I.

The Court Reporter Act provides, in pertinent part, that:

> Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim . . . , subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge. . . .  Proceedings to be recorded under this section include [] all proceedings in criminal cases had in open court . . . .

28 U.S.C. § 753(b). Section 753(b)'s requirement that district courts record "verbatim" all criminal proceedings held in open court is "mandatory." *United States v. Cashwell*, 950 F.2d 699, 703 (11th Cir. 1992). Moreover, in trial settings, a defendant has a "right to a record on appeal" as a matter of due process, which includes the right to a "complete transcript of the proceedings at trial." *Id.* Nevertheless, a "merely technically incomplete record, involving no substantial or

3

significant omissions," is insufficient to warrant reversal.  *Id.*  Where a defendant is represented by counsel different on appeal than at trial, a new trial is required only if there is a "substantial and significant omission" from the trial transcript. *United States v. Charles*, 313 F.3d 1278, 1283 (11th Cir. 2002).

Section § 753(b) explicitly qualifies its "verbatim" requirement by stating that it is subject to regulations promulgated by the Judicial Conference.  28 U.S.C. § 753(b).  The Judicial Conference regulations indicate generally that "the transcript must contain all words and other verbal expressions uttered during the course of the proceeding."  6 Guide to Judiciary Policy § 520.40.10.  The regulations expressly except from this requirement, however, testimony made through an interpreter.  *See id.* § 520.40.10(g).  In such cases, the regulations provide that "it will be assumed that answers are made in a foreign language and interpreted unless a parenthetical '(in English)' is inserted."  *Id.*  The model transcript, which covers the testimony of a Spanish-speaking defendant, includes only English translations of the defendant's testimony via the court interpreter.  *See id.* at App'x 5A.

Neither the Supreme Court nor any of our published decisions have interpreted either § 753(b) of the Court Reporter Act or the right to a complete transcript in the context of a recording or transcription of guilty plea hearings.  As to the cases cited by Gonzalez-Flores in his brief, in *Selva*, the former Fifth Circuit

4

applied these rules to the District Court's omission altogether of closing arguments from the transcript of a defendant's trial and concluded that such failure to transcribe that portion of the trial was reversible error where appellate counsel was different from trial counsel. *United States v. Selva*, 559 F.2d 1303, 1304-06 (5th Cir. 1977). In addition, in *Charles*, we considered whether the District Court's admitting a defendant's out-of-court statements to an interpreter during an interview with a customs official violated the Sixth Amendment's Confrontation Clause, and held that it did not. *United States v. Charles*, 722 F.3d 1319, 1322-32 (11th Cir. 2013).

Here, the District Court did not plainly err in not recording or transcribing during Gonzalez-Flores's plea hearing the Spanish-to-English and English-to-Spanish exchanges between him and the court interpreter because there is no binding authority requiring such, the plain language of § 753(b) of the Court Reporter Act does not address it, and the Judicial Conference regulations provide to the contrary.

## II.

Section 1827 of the Court Interpreters Act provides, in pertinent part, that:

> The Director of the Administrative Office of the United States Courts shall establish a program to facilitate the use of certified and otherwise qualified interpreters in judicial proceedings instituted by the United States . . . . [and] shall prescribe, determine, and certify the qualifications of persons who may serve as certified interpreters . . . .

5

28 U.S.C. § 1827(a), (b)(1).  The section does not explicitly mention the need to identify or establish in a transcript or recording the qualifications of a designated court interpreter.  *See id.*  It does, however, provide that, upon a party's motion, "the presiding judicial officer shall determine whether to require the electronic sound recording of a judicial proceeding in which an interpreter is used under this section."  *Id.* § 1827(d)(2).  Federal Rule of Evidence 604 explicitly states that "[a]n interpreter must be qualified and must give an oath or affirmation to make a true translation."  Fed. R. Evid. 604.  Rule 604 does not reference recording or transcription of an interpreter's qualifications or oath, however.  *See id.*  Neither the Supreme Court nor any of our published decisions have interpreted either § 1827 or Rule 604 in the context of recording or transcription of guilty plea hearings.

The District Court did not plainly err in not recording or transcribing during Gonzalez-Flores's plea hearing the court interpreter's identification, qualifications, or oath because there is no binding authority requiring such, and the plain language of § 1827 of the Court Interpreters Act and Rule 604 likewise does not compel the inclusion of that information in the transcript.

AFFIRMED.