[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14255
Non-Argument Calendar
_____

D.C. Docket No. 6:08-cr-00110-RBD-DAB-21


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEY ROJAS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 29, 2015)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Joey Rojas appeals the district court's imposition, following revocation of his supervised release, of a 10-month sentence of imprisonment and a new 3-year term of supervised release. He argues that his revocation sentence is unreasonable because it resulted in an unwarranted sentencing disparity between him a similarly situated defendant. He also insists that the district court erred by failing to reduce the term of supervised release by the amount of time imposed in the custodial portion of the sentence. We affirm as to the first issue but vacate as to the second.

I

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam). The party challenging the sentence on appeal bears the burden of showing that it is unreasonable. United States v. Holt, 777 F.3d 1234, 1269 (11th Cir. 2015).

Under 18 U.S.C. § 3583(e), a district court may revoke the term of supervised release and impose a term of imprisonment after considering specific factors set forth in 18 U.S.C. § 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for deterrence; (4) the need to protect the public; (5) the Sentencing Guidelines and policy statements of the Sentencing Commission; (6) the need to avoid

unwarranted sentence disparities among defendants; (7) the need to provide restitution to victims; and (8) the need to give the defendant correctional treatment.

The district court placed great weight on the need to protect the public.  It based this consideration on Rojas's history of drug abuse.  The court, therefore, considered appropriate factors and reasonably exercised its discretion.  See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (explaining that the weight given to any one factor is committed to the discretion of the district court).

Rojas points to another defendant who was sentenced only to time served upon revocation of his supervised release, and Rojas claims his own sentence is disparate from that defendant's.  But the record contains no information about that defendant's criminal history, the danger he posed to society, or the reason he was given a revocation sentence of time served.  And an unwarranted sentencing disparity can exist only if the defendant and a comparator are similarly situated.  United States v. Mozie, 752 F.3d 1271, 1289 (11th Cir. 2014).  Rojas has not met his burden of showing that this other defendant was similarly situated, because his unwarranted-disparity argument does not compare "apples . . . to apples."  See United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation omitted).

3

II

Rojas argues that the district court erred by failing to reduce his term of supervised release by the length of his custodial revocation sentence. He raises this argument for the first time on appeal, so we review it only for plain error. See United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).[1]

When a court revokes supervised release and imposes a term of imprisonment, the court may also order an additional term of supervised release after imprisonment. 18 U.S.C. § 3583(h). But "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Id.

Rojas's original conviction carried a maximum authorized term of 3 years' supervised release. See 8 U.S.C. § 1325(c) (marriage fraud is punishable by up to 5 years' imprisonment); 18 U.S.C. § 3559(a)(4) (offenses punishable by 5 years' imprisonment are class D felonies); id. § 3583(b)(2) (the maximum term of

---

[1] Plain error is: (1) an error; (2) that is plain; and (3) affects substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). We may exercise our discretion to notice a forfeited error if it (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United Stated v. Madden, 733 F.3d 1314, 1322 (11th Cir. 2013). An error is plain when it is clear or obvious under current law. United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993). An error affects substantial rights if there is a reasonable probability that there would have been a different result if the error had not occurred. United States v. Shelton, 400 F.3d 1325, 1332 (11th Cir. 2005).

supervised release for class D felonies is 3 years).  Upon revocation, after imposing the 10-month sentence of imprisonment, the district court could impose a maximum additional term of supervised release of only 26 months—3 years minus the 10-month revocation sentence of imprisonment.  As the government concedes, imposition of a term of supervised release greater than that authorized by law is plain error.  And the error affected Rojas's substantial rights because, but for the error, his term of supervised release would have been shorter.  Finally, the error seriously affected the fairness, integrity, and public reputation of judicial proceedings.

We vacate district court's judgment with respect to the period of supervised release, and remand the case with instructions that the district court resentence Rojas to serve no more than 26 months of supervised release.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**