[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15177
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00012-JDW-AEP-2

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

KENNETH LAMAR MADDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 24, 2015)

Before TJOFLAT, WILSON, and COX, Circuit Judges.

PER CURIAM:

Defendant Kenneth Lamar Madden ("Madden") appeals the amended final

judgment of the district court (DE 192) entered after this court's remand in *United*

*States v. Madden*, 733 F.3d 1314 (11th Cir. 2013) ("*Madden I*").  We affirm the amended final judgment.

No purpose is served by recounting all of the facts underlying *Madden I* or the proceedings in the district court upon remand.  We presume the parties' familiarity with those facts and proceedings.  We recount only those facts and proceedings needed for the reader to understand our decision on this appeal.

The jury trial that culminated in *Madden I* resulted in Madden's conviction of all three counts in a superseding indictment.  *Madden I* affirmed two of the three convictions and sentences.  *Madden I* affirmed the Count 1 conviction for cocaine trafficking.  Madden received a life sentence for that conviction, which included prior-conviction enhancement imposed in accordance with 21 U.S.C. § 851.[1] *Madden I* confirmed the Count 3 conviction for cocaine possession.  Madden received a ninety-day sentence for that conviction to run concurrently with the Count 1 sentence.  *Madden I* reversed Madden's conviction for possessing a firearm in violation of 18 U.S.C. § 924(c) (Count 2) because the district court's charge to the jury constructively amended the superseding indictment.  The case

---

[1] The possession with intent to distribute violation comprising Count 1 of the superseding indictment alleges a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and calls for penalty enhancement if there have been prior felony drug convictions as determined by the Section 851 procedure.  Madden had four prior felony drug convictions when he was sentenced on Count 1 to life imprisonment, the statutory maximum.

was remanded to the district court for proceedings consistent with the *Madden I* opinion. 733 F.3d at 1323.

On remand, the Government moved to dismiss Count 2 (DE 191). The district court granted the motion (DE 193). The district court entered an amended judgment (DE 192) that omits any reference to the Count 2 conviction or sentence and does not alter this court's disposition of the convictions or sentences with respect to Counts 1 and 3. This action by the district court complied with this court's mandate. *Madden I* "reversed Madden's conviction on Count 2" and "affirm[ed] Madden's other convictions." 733 F.3d at 1323. *Madden I* did not vacate the sentences imposed for the Counts 1 and 3 convictions. The court's judgment, "issued as the mandate of [the] court," reads, "it is hereby ordered, adjudged, and decreed that the opinion issued . . . is entered as the judgment of this Court." (DE 97: Mandate in Case No. 11-14302 (*Madden I*)).

On this appeal, Madden contends that the district court should have held a resentencing hearing to determine whether the Supreme Court's decision in *Alleyne v. United States*, 570 U.S.___, 133 S. Ct. 2151 (1998), impacted the 18 U.S.C. § 851 prior-conviction enhancement of his Count 1 sentence. Because *Madden I* already had affirmed the Count 1 conviction and had not vacated the corresponding life sentence, which the mandate reflects, any action by the district court inconsistent with the mandate would have had to have satisfied one of the

3

three exceptions to the mandate rule. *See United States v. Amedeo*, 487 F.3d 823, 830 (11th Cir. 2007) (explaining mandate rule and listing exceptions).  Madden contends that *Alleyne* qualifies under the second exception, which is "controlling authority [that] has since made a contrary decision of law applicable the [subject] issue." *Id.*  We disagree.

First, *Alleyne* was decided two months before this court issued its opinion in *Madden I* and three months before issuance of the *Madden I* mandate.  *Alleyne* is not controlling authority handed down *after* the mandate and *before* the district court's compliance with the mandate by entering its amended final judgment. *Alleyne* does not satisfy the criterion of the second exception to the mandate rule because it was decided before the *Madden I* mandate issued.  We reject this contention as a basis for the relief Madden seeks.

Second, even if this court assumes for the sake of argument that *Alleyne* constitutes an exception to the mandate rule and the district court erred in not considering Madden's *Alleyne*-based challenge, we must ignore the error because it did not affect Madden's substantial rights. FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.")  Madden's *Alleyne*-based argument is that his enhanced Count 1 sentence must be vacated because the fact that he had prior convictions was not submitted to the jury and was not found beyond a reasonable doubt by a jury.  At

4

least, he argues, the district court should have considered the impact of *Alleyne* on the Section 851 enhancement.  This argument is foreclosed by the Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998).[2] According to the *Almendarez-Torres* Court, the mere fact of a prior conviction, for which Section 851 imposes a sentence enhancement, is not an "element" of a crime that must be found by a jury.  The *Alleyne* Court did not overrule *Almendarez-Torres*; it remains good law. *See Alleyne*, 570 U.S. ___, 133 S. Ct. at 2160, n.1. Because the only enhancement to his Count 1 sentence that Madden challenges is the Section 851 enhancement, and because *Alleyne*, the only authority upon which his challenge is based, does not control, the district court's affording Madden a hearing on the issue was not required by the "controlling authority" exception to the mandate rule.  We reject this contention as a basis for the relief Madden seeks.

Because Madden would not have been entitled to any relief related to his Count 1 sentence even if the district court had considered his *Alleyne* argument in a written response to the Government's motion to dismiss submitted under the applicable local rule, or at a hearing, we further conclude that the district court did not abuse its discretion by not awaiting Madden's response or by not affording him a hearing.  Madden has not demonstrated that he suffered any prejudice because he

---

[2] *Almendarez-Torres* is not a prior drug conviction case, but this court has applied it to Section 851 enhancements. *See United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005).

was not allowed to file a written response the Government's motion to dismiss. Without deciding whether the district court should have awaited a response as provided in its own local rule, we hold that any such error was harmless.

The district court here correctly followed our mandate with the amended final judgment and correctly rejected Madden's argument that *Alleyne* necessitated resentencing under Count 1.

AFFIRMED.