[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11628

_____

D.C. Docket No. 1:13-cr-20760-CMA-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HAROLD STEVEN ABBOTT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 29, 2015)

Before MARCUS and WILSON, Circuit Judges, and SCHLESINGER,* District
Judge.

PER CURIAM:

_____

* Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

Harold Steven Abbott challenges his conviction after a trial by jury for conspiracy to possess with intent to distribute 3, 4-methylenedioxy-N-methylcathinone ("methylone" or "Mollies," a schedule I controlled substance similar to ecstasy), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.[1] On appeal, Abbott argues that: (1) insufficient evidence supports his conviction; (2) the government constructively amended the indictment; (3) cumulative error -- consisting of improper statements by the prosecutor, opinion evidence regarding the definition of distribution, and improper jury instructions -- warrants the reversal of his conviction; (4) the district court erroneously refused to apply a role reduction at sentencing; and (5) his sentence is unreasonable because the district court considered his failure to accept responsibility for this offense when it found that he was not similarly situated to his coconspirators.  We find no error, and, accordingly, affirm his conviction and sentence.

As for Abbott's first claim -- that the evidence is insufficient to support his conviction because the proof at trial demonstrated nothing more than distribution of the methylone to Hanoi Saname Rodriguez ("Saname"), one of Abbott's coconspirators -- Abbott raises this argument for the first time on appeal, and thus we review it only for plain error.  See United States v. Hunerlach, 197 F.3d 1059, 1068 (11th Cir. 1999) (finding that where an appellant timely moves for judgment

---

[1] Abbott was found not guilty of conspiring to import methylone, in violation of 21 U.S.C. §§ 841(b)(1)(C), 952(a), and 963.

of acquittal, but fails to articulate the alternative argument he raises on appeal, our review is only for plain error).  Under review for plain error, we will reverse only if there is error that is plain, that affects the appellant's substantial rights, and that seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

As we see it, the evidence is more than sufficient to establish the elements of the charged offense; namely, that (1) there was an illegal agreement between two or more persons to possess methylone with the intent to distribute; (2) Abbott knew the essential objects of the conspiracy; and (3) Abbott knowingly and voluntarily joined the conspiracy.  21 U.S.C. §§ 841(a)(1), 846; United States v. Calderon, 127 F.3d 1314, 1326 (11th Cir. 1997).  Possession may be actual or constructive, and we have defined distribution broadly to include "acts perpetrated in furtherance of a transfer or sale, such as arranging or supervising the delivery."  United States v. Brunty, 701 F.2d 1375, 1381 (11th Cir. 1983).  Moreover, distribution may be inferred even where a defendant is recruited merely to facilitate the transfer of drugs to a coconspirator, as long as the circumstances indicate further distribution is likely.  See United States v. Howard, 895 F.2d 722, 723-24 (11th Cir. 1990); cf. United States v. Perez-Tosta, 36 F.3d 1552, 1559 (11th Cir. 1994) ("[I]ntent to distribute is inferable from the quantity of [the drug involved].").

3

Taken in a light most favorable to the government and resolving all reasonable inferences and credibility determinations in favor of the jury's verdict, United States v. Doe, 661 F.3d 550, 560 (11th Cir. 2011), the testimony at trial demonstrated that Abbott was solicited by Saname to provide an address for the delivery of a package containing a substance used to make Mollies -- something Saname told Abbott he had done successfully on three or four prior occasions. Saname offered to split a $300 delivery fee with Abbot. Abbott then provided the address of his brother, Matthew, and forwarded to Matthew the fraudulent name listed on the package to facilitate the delivery. Indeed, Abbott told DEA agents that he knew the package would contain illegal drugs and that he provided Saname with a home address for the receipt of the package. Moreover, Abbott was at Matthew's home the day before the controlled delivery when Nelson Garcia, the individual whom Abbott understood would receive the methylone from Saname, was there to inquire into the whereabouts of the methylone. Finally, Abbott was at the house when the 2,992 grams of methylone with a street value of approximately $400,000 was delivered, and stated that "[w]e have been here the whole time waiting" for the package. Simply put, the evidence supported a finding that Abbott knew of an agreement to possess with intent to distribute almost 3 kilograms of methylone, and knowingly and voluntarily participated in the conspiracy. There was no error, let alone plain error, concerning the sufficiency of the evidence.

4

Abbott likewise failed to argue before the district court that the government constructively amended the indictment; thus, this claim is also reviewed only for plain error. United States v. Madden, 733 F.3d 1314, 1322 (11th Cir. 2013). An impermissible constructive amendment "occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990). Here, the indictment alleged that Abbott "did knowingly and willfully combine, conspire, confederate and agree with [Saname and Matthew] and with other persons known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance." As we see it, that is precisely what the government established at trial. There was no amendment and, thus, no error, plain or otherwise.

As for Abbott's claim of cumulative error, we see no error -- standing alone or in concert -- that warrants a reversal of his conviction. We will reverse a conviction only if "any errors that we find in the aggregate and in light of the trial as a whole" deprived an appellant of a "fundamentally fair trial." Morris v. Sec'y, Dep't of Corr., 677 F.3d 1117, 1132 (11th Cir. 2012). The aggregated errors must "have a substantial influence on the outcome of a case or leave grave doubt as to whether they affected the outcome of a case." United States v. Frazier, 387 F.3d 1244, 1266 n.20 (11th Cir. 2004) (en banc) (quotation omitted).

On this record we can discern no prosecutorial misconduct, nor did the district court abuse its discretion by allowing testimony from a DEA agent defining the term distribution, nor, finally, did it err in its jury instructions.

Abbott also argues that the district court erred at sentencing. We are unpersuaded. For starters, we review the district court's "determination of a defendant's role in the offense . . . only for clear error." United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The court here properly measured Abbott's culpability against that of only Saname and Matthew, as they were the only participants whose roles were actually "identifiable or discernable from the evidence." Id. at 944. Abbott was not among the least culpable of his coconspirators. He played a key role in facilitating the distribution by providing Saname with the address and relaying the necessary information to Matthew. Thus, the district court did not clearly err when it refused to grant the defendant a 4-level reduction for a minimal role pursuant to U.S.S.G. § 3B1.2(a).

Abbott's argument that the district court failed to consider a 3-level or 2-level reduction pursuant to U.S.S.G. § 3B1.2(b) was not presented to the district court and, thus, we review it only for plain error. Doe, 661 F.3d at 567 (noting that sentencing objections raised for the first time on appeal are reviewed for plain error). His argument is belied by the record. The district court expressly found that "[b]ased upon my understanding of this conspiracy, how it worked and the

roles of the various participants, I am not persuaded that Harold Abbott should receive a reduction for role." In light of the evidence produced at trial, the district court did not clearly err, let alone plainly err, by denying Abbott any reduction for his role in the offense because he was not less culpable than both Matthew and Saname.

Finally, Abbott claims that his sentence is substantively unreasonable in light of his minimal involvement in the conspiracy and the disparity between his sentence and that of his coconspirators. Again, we remain unpersuaded. We review the reasonableness of a sentence only for an abuse of discretion. Gall v. United States, 552 U.S. 38, 46 (2007). We review the sentencing court's findings of fact for clear error. United States v. Delgado, 56 F.3d 1357, 1363 (11th Cir. 1995). We "ordinarily will expect" a sentence imposed within the guidelines "to be a reasonable one." United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation omitted). "Although the district court is required to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," we have held that "defendants who cooperate with the government and enter a . . . plea agreement are not similarly situated to a defendant who provides no assistance to the government and proceeds to trial." Id. (quotation omitted).

7

We previously rejected Abbott's claim that he played a minimal role in this conspiracy.  Moreover, the district court considered any disparity between Abbott's sentence and that of his coconspirators.  It found that Abbott was not similarly situated to his coconspirators because they entered pleas of guilty and cooperated with the government.  That finding was not clearly erroneous.  The court then engaged in an analysis of the 18 U.S.C. § 3553(a) factors, and still varied downward by 20 months to impose a below-guidelines sentence of 88 months -- despite finding that Abbott was not similarly situated to his coconspirators.  Abbott's sentence is a reasonable one.

Accordingly, we affirm Abbott's conviction and sentence.

**AFFIRMED.**