[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12347
Non-Argument Calendar

_____

D.C. Docket No. 9:19-cr-80008-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE SOLIS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 8, 2019)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Juan Solis, a native and citizen of Mexico, appeals from his conviction for

being found in the United States after being previously removed, in violation of

8 U.S.C. § 1326(a), (b)(2). He argues, for the first time on appeal, that his conviction should be vacated because the government failed to prove beyond a reasonable doubt that he entered the United States "surreptitiously," as required under § 1326(a). We disagree and affirm.

## I.    Background

Testimony at trial established that Solis first came to the United States with his parents as a child. Solis was issued a green card in 2001, which expired in 2003.  In 2007, Solis was ordered removed to Mexico, and he was removed in October 2008. After his removal, Solis did not apply for readmission to the United States.

In February 2009, Solis's father, Juan Solis Ortiz, Sr., drove to Mexico and brought his son back to the United States. The father testified that the pair crossed the United States-Mexico border by vehicle at a border crossing entry point in Texas, with Solis in the passenger seat. The father stated that he provided identification documents for both himself and Solis to the border agent. Specifically, the father provided Solis's old green card to the border agent as Solis's identification. The father stated that they did not mention to the agent that the card had expired, and they were permitted to cross the border. However, a deportation officer with Immigration and Customs Enforcement testified that a search of the Department of Homeland Security's ("DHS") database of entries

made into the United States revealed that, while Solis's father entered the United States from Mexico in February 2009, records indicated that Solis's father was traveling alone.

In January 2019, Solis was discovered and arrested in the United States by DHS officers. Solis was thereafter charged with one count of being found in the United States after having been previously removed. He was convicted by a jury and sentenced to 12 months and 1-day imprisonment. This appeal follows.

## II.    Standards of Review

We generally review the sufficiency of the evidence *de novo*.  *United States v. Diaz*, 248 F.3d 1065, 1084 (11th Cir. 2001).  Solis, however, did not move for a judgment of acquittal on the specific ground he now raises on appeal,[1] and, therefore, we review his claim for plain error.  *See United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 2013) ("We review unpreserved objections for plain error, including unpreserved objections . . . to the sufficiency of the evidence." (internal citation omitted)); *United States v. Hunerlach*, 197 F.3d 1059, 1068–69 (11th Cir. 1999) (applying plain error review where a defendant moved for a judgment of acquittal but failed to articulate the specific sufficiency-of-the-

---

[1] At trial, Solis argued that he was entitled to a judgment of acquittal pursuant to Rule 29, in part, because (1) the government failed to present evidence that he was removed and came back without permission; and (2) the government presented no evidence that showed that he knew that he was in the United States illegally.

evidence claim later raised on appeal).  Under plain-error review, "there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are met, then a court may exercise its discretion to correct the error if (4) the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

"When we review whether the evidence is sufficient to support a conviction, we view the evidence in the light most favorable to the prosecution and draw all reasonable inferences and credibility choices in favor of the jury verdict." *Joseph*, 709 F.3d at 1093. "[W]e must affirm a conviction unless there is no reasonable construction of the evidence from which the jury could have found the defendant[] guilty beyond a reasonable doubt." *Id.*

### III.    Discussion

Solis does not dispute that he was previously deported and re-entered the United States in February 2009 without permission. Nevertheless, he maintains that there was no evidence that he re-entered the United States "surreptitiously," which he argues is required to support his conviction for being "found in" the United States after being previously deported. In support of his argument, he relies on our prior decision in *United States v. Canals-Jimenez*, 943 F.2d 1284 (11th Cir. 1991).

Under 8 U.S.C. § 1326(a), it is unlawful for any alien who has been previously removed or deported to "enter[], attempt[] to enter, or [be] at any time found in, the United States," unless the alien has the prior consent of the Attorney General, or the alien establishes "that he was not required to obtain such advance consent."

In *Canals-Jimenez*, an alien, who was previously deported from the United States, was arrested and charged with, and later convicted of, being "found in" the United States after his flight from the Dominican Republic to Montreal, Canada landed in Miami International Airport for a connecting flight. 943 F.2d at 1285–86. On appeal, we reversed his conviction, concluding that he was not "found in" the United States, within the meaning of § 1326(a). *Id.* at 1288–89. In reaching this conclusion, we reasoned that, under § 1326(a), "[i]n order for 'found in' and 'enters' to have different meanings, thus to avoid 'enters' being a mere redundancy, 'found in' *must apply to aliens who have entered surreptitiously, bypassing a recognized immigration port of entry.*" *Id*. at 1287 (emphasis added). We further reasoned that "[a]ny party who voluntarily approaches an [Immigration and Naturalization Service] station cannot be said to have been found or discovered in the United States," and that "Congress added the phrase 'found in' to alleviate the problem of prosecuting aliens who enter in some illegal manner." *Id*. Thus, Solis argues that under our decision in *Canals-Jiminez*, in order to be

5

convicted of being "found in" the United States, the government had to prove that he entered the United States surreptitiously.

However, in *United States v. Gay*, 7 F.3d 200, 202 (11th Cir. 1993), we rejected the exact argument upon which Solis relies, holding that "the reference in *Canals* to surreptitious entry is mere dicta and is not controlling." Thus, Solis's claim is foreclosed by binding precedent and there was no plain error.

Notwithstanding our holding in *Gay*, even assuming that the government was required to prove a surreptitious entry, viewing the evidence in the light most favorable to the jury verdict, the jury could have reasonably inferred that Solis surreptitiously re-entered the United States based on the DHS records which indicated that Solis's father was the only occupant of the vehicle when it crossed the border in February 2009. *See Joseph*, 709 F.3d at 1093 ("[W]e must affirm a conviction unless there is no reasonable construction of the evidence from which the jury could have found the defendant[] guilty beyond a reasonable doubt."). Accordingly, we affirm his conviction.

**AFFIRMED**.