[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13266
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60074-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROOSEVELT LEON COOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 5, 2020)

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

In this appeal on remand from the Supreme Court we address Roosevelt Cooper's arguments that his indictment was fatally flawed and his plea was constitutionally invalid. After we affirmed Cooper's conviction for violating 18 U.S.C. § 922(g)(1), *United States v. Cooper*, 777 F. App'x 371 (11th Cir. 2019), the Supreme Court issued its decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). The Court then granted Cooper's petition, vacated our judgment, and remanded his appeal for reconsideration in the light of *Rehaif*.

In *Rehaif*, the Supreme Court held that the government must prove that the defendant both knew that he possessed the firearm and that he knew of his prohibited status in order to be convicted under § 922(g). In so holding, the Court examined the language of § 922's penalty provision, 18 U.S.C. § 924(a)(2),[1] which includes the modifier "knowingly." 139 S. Ct. at 2195-96. The Court also noted that such a reading was consistent with the basic principle of requiring *mens rea* in criminal statutes. *Id.* at 2196.

Cooper argues that the underlying indictment was jurisdictionally deficient because it failed to allege that he knew he was a felon when he possessed the

---

[1]     Section 924(a)(2) provides: "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

firearm.  Because he pled guilty, Cooper must show a jurisdictional defect to his indictment because the plea waives all non-jurisdictional defects.  *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014).   In *Brown*, we noted that the question to ask when examining whether an indictment defect is jurisdictional is "whether the indictment charged the defendant with a criminal 'offense against the laws of the United States.'" 752 F.3d at 1353.  While the omission of an element may render the indictment insufficient, it does not strip jurisdiction from the district court.  *Id.* at 1353-54.

This court recently rejected Cooper's jurisdictional argument in *United States v. Bates*, 960 F.3d 1278 (11th Cir. 2020).  There, the court relied on *United States v. Moore*, 954 F.3d 1322 (11th Cir. 2020), where the court explained that "the absence of an element of an offense in an indictment is not tantamount to failing to charge a criminal offense against the United States."  954 F.3d at 1333.  "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an offense against the laws of the United States and, thereby, invokes the district court's subject-matter jurisdiction." *Brown*, 752 F.3d at 1354  (rejecting a jurisdictional challenge based on a missing *mens rea* element in the indictment) (quotation omitted).

Here, the indictment tracks the language of § 922(g)(1), which defines a criminal offense against the laws of the United States.  Specifically, the indictment

charges Cooper with "having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce a firearm . . . in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)." This sentence both charges Cooper with violating a valid federal statute and alleges an offense against the United States. Therefore, because the indictment properly charges a crime against the United States, it is not jurisdictionally deficient.

Alternatively, Cooper argues that his guilty plea was constitutionally invalid because he was not informed of the nature of the charge against him when the indictment failed to allege and the district court did not advise him that the government had to prove that he knew he was a felon at the time he possessed the firearm. Because Cooper did not raise this issue below, we review it for plain error. "The plain-error test has four prongs: there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are met, then a court may exercise its discretion to correct the error if (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013) (quotation marks omitted). To demonstrate that an error affected his substantial rights, a defendant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez*

4

*v. United States*, 578 U.S. __, __, 136 S. Ct. 1338, 1343 (2016) (quotation omitted).

Both parties agree that Cooper has met the first two prongs of plain-error review by showing an error that was clear or obvious. *See Henderson v. United States*, 568 U.S. 266, 273, 133 S. Ct. 1121, 1127 (2013) (explaining that the first two elements of plain error are met if an error becomes clear while the case is on appeal). Because the plea colloquy did not establish that Cooper knew he had been convicted of "a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), the error was plain under *Rehaif*.

For the third prong of plain-error review, to establish that his substantial rights were affected, Cooper "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). Because the plain-error doctrine is intended to "correct only particularly egregious errors," *United States v. Young*, 470 U.S. 1, 15, 105 S. Ct. 1038, 1046 (1985), we "may consult the whole record when considering the effect of any error on substantial rights," *United States v. Vonn*, 535 U.S. 55, 59, 122 S. Ct. 1043, 1046 (2002).

In *Bates*, we rejected a similar challenge to a plea based on *Rehaif*. We noted that at neither his plea hearing nor his sentencing did Bates object to or express confusion about the government's statement that he was a seven-time

5

convicted felon.  960 F.3d at 1296.  Bates had not asserted at the plea colloquy that he did not know his status.  Had he raised the issue, we noted that there was "overwhelming evidence" that "Bates knew he was a felon at the time he possessed a firearm."  *Id.* (citing *Rehaif*, 139 S. Ct. at 2198, for the proposition that knowledge can be proven by circumstantial evidence).  We surmised that had Bates known of the enhanced burden on the government, "the probability is virtually zero that it would have changed his decision to plead guilty."  *Id.*

Cooper cannot show that his substantial rights were affected.  First, he has not asserted that he would not have pleaded guilty had he known of the additional burden on the government to show he knew he was a felon at the time that he possessed the firearm.  Second, the record is clear that Cooper knew he had been convicted of a felony for which he was sentenced to more than one year of imprisonment: at the time he possessed the loaded firearm, he had been sentenced to thirty years' imprisonment and served twenty years.  Because the record indicates that Cooper was aware of his status as a convicted felon at the time of his possession of a firearm, there is no reason to believe that he would have continued to trial absent the district court's error in not informing him that the government was required to prove "that he knew he belonged to the relevant category of persons barred from possessing a firearm."  *Rehaif*, 139 S. Ct. at 2200. For the foregoing reasons, we affirm.

AFFIRMED.