**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10867

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EDSON GELIN,

a.k.a. Bo,

*Defendant- Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00131-CEM-LHP-3

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Edson Gelin, a federal prisoner proceeding pro se, appeals the district court's denial of his post-judgment omnibus motions to

arrest the judgment against him under Federal Rules of Criminal Procedure 34(a) and 45(b)(1)(B), and to immediately release him from custody.  For the reasons which follow, we grant the government's motion for summary affirmance.

Mr. Gelin was charged and convicted of drug offenses, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and firearm offenses, in violation of 18 U.S.C. § 924(c).  We affirmed his convictions and sentence on direct appeal and then affirmed the denial of his post-trial motions.  *See United States v. Gelin*, 810 F. App'x 712 (11th Cir. 2020); *United States v. Gelin*, 2022 WL 10220112 (11th Cir. 2022).

In this appeal, Mr. Gelin argues that the district court erred in denying his Rule 34(a) motion because the particular language used in the court's jury instructions and verdict form impermissibly amended the indictment and deprived the court of jurisdiction.  He also argues that he had established good cause and excusable neglect which justified an extension of the time to file his motion.

The government has filed an amended motion for summary affirmance or to dismiss the appeal, solely to correct its prior incorrect statement in its initial motion for summary affirmance or to dismiss the appeal that its motion was unopposed.[1]

---

[1] The government's initial motion for summary affirmance, motion to dismiss, and motion for an extension of time to file a response brief, which are superseded by its amended motion, are DENIED AS MOOT.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review de novo questions of the district court's subject matter jurisdiction, even if raised for the first time on appeal. *See United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir. 2023). Pro se pleadings are held to a less-stringent standard than those drafted by attorneys and are liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotation marks omitted).

Rule 34(a) provides that, "[u]pon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense." Judgment "can be arrested only on the basis of error appearing on the 'face of the record,' and not on the basis of proof offered at trial." *United States v. Sisson*, 399 U.S. 267, 281 (1970). A defendant must file a Rule 34(a) motion "within 14 days after the court accepts a verdict or finding of guilty, or after or after a plea of guilty or nolo contendere." Fed. R. Crim. P. 34(b). A district court may extend this deadline

after it has already expired, but only "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B).

District courts have jurisdiction to hear cases involving "offenses against the laws of the United States." 18 U.S.C. § 3231. "[A]ll that is necessary to vest the district court with jurisdiction" is for a valid indictment to charge a defendant with a federal crime. *See United States v. McLellan*, 958 F.3d 1110, 1118 (11th Cir. 2020). Alleged errors in the jury instructions, including assertions that the district court omitted an element or constructively amended the charged offense, are not treated as jurisdictional defects to be reviewed de novo, but instead are subject only to plain-error review on appeal if the defendant failed to raise the issue before the district court. *See id.* at 1118-19 (reviewing for plain error a defendant's argument on appeal that the district court impermissibly omitted an element of the offense from the jury instructions); *see also United States v. Madden*, 733 F.3d 1314, 1319-22 (11th Cir. 2013) (reviewing for plain error a defendant's argument on appeal that the district court's jury instruction constructively amended the charged offense).

Under 21 U.S.C. § 841(a)(1), no individual may knowingly or intentionally possess a controlled substance with intent to distribute. An individual who attempts or conspires to knowingly or intentionally possess with intent to distribute a controlled substance is subject to the same penalties as those prescribed for the offense. *See* §§ 841(a)(1), 846. Under 18 U.S.C. § 924(c), any person who

uses or carries a firearm during and in relation to any crime of violence or drug-trafficking crime is subject to a mandatory consecutive term of imprisonment.

As an initial matter, it is unclear on what basis the district court denied Mr. Gelin's motion, as the court's endorsed order lacked an explanation. But, as noted, we may affirm for any reason supported by the record, even if not relied upon by the district court. *See Al-Arian*, 514 F.3d at 1189.

The district court did not err in denying Mr. Gelin's motion to arrest his judgment under Rule 34(a). The government is clearly correct as a matter of law that his arguments are not cognizable under Rule 34(a). *See Groendyke Transp., Inc.*, 406 F.2d at 1162. It is uncontested that the superseding indictment validly charged Mr. Gelin with federal crimes, namely, with violations of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. §924(c). Thus, the district court had subject matter jurisdiction under § 3231 to hear the case. *See McLellan*, 958 F.3d at 1118; 18 U.S.C. § 3231. Despite Mr. Gelin's assertions, his argument that the district court, in essence, constructively amended the charged offenses by omitting certain language appearing in the indictment from its jury instructions and the verdict form is not jurisdictional in nature. *See McLellan*, 958 F.3d at 1119; *see also Madden*, 733 F.3d at 1319-22. Thus, even assuming arguendo that the district court's contested actions were errors, relief was not available under Rule 34(a), as the errors did not impact the district court's jurisdiction to preside over Mr. Gelin's criminal

case.  Accordingly, as the relief sought by Mr. Gelin in the underlying Rule 34(a) motion was unavailable to him, the district court did not err in denying his motions for an extension of time and for emergency release from custody.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's amended motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**