[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 17-14098 & 17-15170
_____

D.C. Docket No. 3:16-cr-00068-MMH-JRK-1

UNITED STATES OF AMERICA,
,

Plaintiff-Appellee,

versus

SHAQUANA QUENELLA BROOKINS,
a.k.a. Shaquan Gamble,
a.k.a Lorde Flaquan Gamble,
a.k.a. Que,
a.k.a. Quana,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(October 25, 2019)

Before WILLIAM PRYOR and JILL PRYOR, Circuit Judges, and ROBRENO,[*] District Judge.

ROBRENO, District Judge:

Shaquana Brookins appeals her sentence entered after she pleaded guilty to sex trafficking, conspiracy to manufacture and distribute crack cocaine, and being a felon in possession of a firearm. Specifically, Brookins contends that her above-Guidelines sentence and the restitution amount are unreasonable. We affirm the district court's sentence.

## I. BACKGROUND

Brookins was indicted on six counts: sex trafficking of "D.C." in violation of 18 U.S.C. § 1591 (Count I); sex trafficking of "J.V." in violation of 18 U.S.C. § 1591 (Count II); conspiracy to manufacture and distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count III); maintaining a place for manufacturing and distributing controlled substances in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2 (Count IV); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts V and VI). While Brookins's primary business was selling drugs, she convinced J.V. and D.C., both purchasers of her wares, to prostitute for her and give her all of their proceeds in exchange for Brookins caring for their needs.

---

[*] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Brookins pleaded guilty to Counts I, III, and V. Her total offense level was 36 with a criminal history category of V. This led to a Guidelines sentence range between 292 and 365 months. In the plea agreement, Brookins waived her right to appeal the sentence on any ground except: (1) that the sentence exceeded the applicable Guidelines range; (2) that the sentence exceeded the statutory maximum penalty; or (3) that the sentence violated the Eighth Amendment. Brookins also agreed to pay restitution to D.C. pursuant to 18 U.S.C. §§ 1593 and 3663, and to J.V. pursuant to 18 U.S.C. § 3663 (even though she did not plead guilty to the count related to J.V.).

At sentencing, the government argued for a sentence within the Guidelines range. The government described Brookins's drug and sex trafficking operation and her physical abuse of D.C. D.C.'s mother also testified about the physical abuse of D.C.

In response, defense counsel argued that the Guidelines range was harsh and asked for a variance down to 180 months. Counsel countered that the presence of guns and drugs are "part and parcel" of sex trafficking and noted that both victims were already prostitutes when Brookins hired them. A witness spoke on behalf of Brookins, testifying that Brookins is helpful and "has a good heart." In allocution, Brookins told the court that the presentence report ("PSR") "overrated" her

3

conduct and "went to the extreme with it and twisted it . . . to make it seem like [it was] something bigger than what it was."

The district court varied upwards and sentenced Brookins to 420 months. In sentencing her, the court explained that an above-Guidelines sentence was warranted because:

•       "The presentence report reflects that since the age of 14, Ms. Brookins has shown absolutely no respect for the law" and her criminal history indicated "utter contempt for our criminal laws."

•       The offense conduct at issue was "horrific," explaining that Brookins's conduct was "emblematic of a depraved heart" and indicating that sex trafficking "is amongst the worst things that [it] see[s] in [the] courtroom."

•       Besides the sex trafficking, Brookins was also before the court "for the drug offenses that carr[y] a maximum sentence of up to 40 years, and for the possession of a firearm," explaining that "[i]ndividually each of those offenses would be very serious offenses."

•       "[T]he guidelines in this case are inadequate to reflect the seriousness of the offense. They are inadequate to protect the public. They are inadequate to accomplish deterrence for Ms. Brookins, and they're inadequate to accomplish just punishment."

•       Brookins "showed no remorse," "tried to justify [her] conduct," and showed "no attempt to refrain from criminal activity at any time in her life."

The court concluded that:

> Ms. Brookins, an individual who chooses to make a living by selling drugs, is a person who is willing to profit off of the addiction of other human beings, to profit off of their illness. A person who chooses to make a living by selling the bodies of other people, is an individual willing to profit off of the sheer desperation of others.
> You did so repeatedly. And not only did you do so willingly, but with depravity. By beating D.C., by forcing her to engage in

4

commercial sex acts, by beating her when she tried to run away, by tracking her down and forcing her to return.

That's not normal activity. People don't do that to other people. And thinking that it's okay to do it, even for a moment, is so wrong that it is . . . difficult for others to even comprehend how you can think it would be okay to do that.

Finally, the court explained that it did not vary upwards from the Guidelines sentence lightly or frequently "[b]ut in this particular instance, the guidelines are just inadequate to protect the public, to reflect the seriousness of Ms. Brookins' conduct, to accomplish just punishment for the depraved conduct, and to deter Ms. Brookins in any way." The court felt there was very little mitigation other than a difficult childhood and explained that it was "convinced that any lesser sentence would be insufficient, and that the sentence imposed today is absolutely necessary given Ms. Brookins' conduct, given her utter lack of respect for the law, and, even more so, given her utter lack of respect for the lives of other humans." The court sentenced Brookins to 420 months on Counts I and III, to run concurrently, and a term of 120 months on Count V, also to run concurrently.

The court later held a two-day restitution hearing. D.C. did not seek restitution. J.V. also did not directly seek restitution but did provide the government with a declaration regarding the work she did for Brookins. Neither J.V. nor D.C. attended the hearing. A special agent testified regarding J.V.'s losses, detailing the amount and value of the prostitution work she performed for Brookins.

5

Defense counsel conceded that Brookins agreed to pay J.V. restitution[1] but objected to the government's computation of the restitution amount, claiming that it was based on Brookins's gain rather than J.V.'s loss and did not take into consideration Brookins's ability to pay. Counsel also "opposed the entering of any order for restitution under the circumstances of this case," arguing that restitution would "result in nothing more than a windfall for . . . J.V.'s illegal conduct" and result in the government "ordering [the victims] to be paid for their prostitution activities."

The court acknowledged that, under 18 U.S.C. § 3663(a)(1)(A), restitution is limited to actual loss. But it stated that Brookins had failed to present any evidence of expenses to offset the government's estimate. The court, therefore, accepted the government's estimate of gross earnings and subtracted an additional 15% to account for food, shelter, clothing, drugs, and other care expended on J.V. by Brookins. The court ordered Brookins to pay J.V. $102,000 in restitution and noted that Brookins could perform work while in prison and set up a payment schedule.

---

[1] As part of the plea agreement, Brookins agreed to pay restitution to J.V. pursuant to 18 U.S.C. § 3663(a)(1)(A), the general discretionary restitution statute, but not pursuant to 18 U.S.C. § 1593, the sex-trafficking-specific mandatory restitution statute.

## II. DISCUSSION

### A. The Sentence Was Not Unreasonable

Brookins asserts that the district court erred because the 420-month sentence was a significant and unreasonable upward variance from the Guidelines range of 292 to 365 months. She contends that the court did not adequately explain its reasons for the upward variance. Brookins also argues that the district court put undue weight on one of the 18 U.S.C. § 3553(a) factors, specifically, that it focused almost exclusively on the sex trafficking offense conduct.

We review sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). There are two steps to this review in that we must determine that the sentence is not procedurally or substantively unreasonable. *Gall*, 552 U.S. at 51; *Shaw*, 560 F.3d at 1237.

Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. "If [a court] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support

7

the degree of the variance." *Id.* at 50. When a defendant did not challenge alleged procedural errors below, as is the case here, we review those procedural claims for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). A plain error is: "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are satisfied, [the court] may exercise discretion to correct the error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013).

Once the court determines that a sentence is not procedurally unreasonable, it examines whether the sentence is not substantively unreasonable in light of the record and the Section 3553(a) factors. *Gall*, 552 U.S. at 51. "When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* "A sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). A sentence must be "sufficient, but not greater than necessary, to comply with the purposes" listed in Section 3553(a)(2). 18 U.S.C. § 3553(a). While "[t]he district court must evaluate all of the § 3553(a) factors when arriving at a sentence," it may "attach 'great

weight' to one factor over others." *Shaw*, 560 F.3d at 1237 (quoting *Gall*, 552 U.S. at 51).

## 1. The Sentence Is Not Procedurally Unreasonable

Contrary to Brookins's assertions, the record, as detailed above, establishes that the district court adequately addressed the Section 3553(a) factors and explained its reasoning for the sentence. *See Gall*, 552 U.S. at 51 (providing that procedural error includes "failing to consider the § 3553(a) factors" and "failing to adequately explain . . . any deviation from the Guidelines range"). The court gave sufficient justification for the variance noting, *inter alia*, Brookins's long history of crime and blatant disregard for the law; her violence towards D.C. and profiting from the misery of vulnerable individuals; the seriousness of her crimes, including the drug and gun offenses; and her lack of remorse. The district court also discussed the need to deter, punish, and protect the public; considered Brookins's personal history and childhood; properly calculated Brookins's Guidelines range based on the PSR; and allowed both sides to argue in support of a sentence and to produce witnesses. The district court did not commit error, plain or otherwise, and, thus, the sentence is not procedurally unreasonable.

## 2. The Sentence Is Not Substantively Unreasonable

Brookins contends that the district court placed unreasonable weight on only one Section 3553(a) factor to the exclusion of others. She also argues that her

criminal history and the severity of her crimes were already accounted for under the Guidelines and, therefore, there was no legitimate reason to vary upwards. As detailed above, the district court explicitly considered multiple relevant factors and did not give undue weight to an improper factor. Moreover, it was permitted to assign more weight to some factors than others. *See Shaw*, 560 F.3d at 1237. The court's explanation of the above-Guidelines sentence indicates that the sentence was not outside the range of reasonableness. The district court did not abuse its discretion and, thus, the sentence is not substantively unreasonable.

### B. Brookins Waived the Right to Appeal Restitution

Brookins challenges the amount of restitution the district court ordered her to pay J.V. When Brookins entered her plea, she waived her right to appeal the sentence on any ground except: (1) that the sentence exceeded the applicable Guidelines range; (2) that the sentence exceeded the statutory maximum penalty; or (3) that the sentence violated the Eighth Amendment. Both parties agree that restitution is part of the sentence. *See United States v. Johnson*, 541 F.3d 1064, 1067–68 (11th Cir. 2008). The court reviews "the legality of a restitution order *de novo* and the factual findings underlying a restitution order for clear error." *United States v. Rodriguez*, 751 F.3d 1244, 1260 (11th Cir. 2014).

A court will enforce a defendant's waiver of her right to appeal if: "(1) the district court specifically questioned the defendant about the waiver" during the

10

plea hearing; "or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." *Johnson*, 541 F.3d at 1066. Here, both in the plea agreement and during the change of plea colloquy, Brookins knowingly and voluntarily waived her right to appeal any other aspect of the sentence. And Brookins does not challenge the voluntariness of her plea on appeal.

Brookins contends that because she retained her right to challenge her above-Guidelines sentence and properly appealed that issue, she could, therefore, appeal any additional sentencing issues. Brookins's argument flies in the face of the language of the waiver in which Brookins waived *any* appealable grounds, save the three specific enumerated grounds. Brookins also argues that she did not waive her rights on this issue because she was never specifically told she was waiving her right to challenge restitution. Again, the plain language of the waiver confirms that Brookins waived her right to appeal on *any ground* other than the listed three. With that waiver in place, there was no reason for the district court to attempt to list all possible issues she was waiving. She waived them *all*, except the three. Brookins has waived her challenge to the restitution amount and, therefore, we will not address the merits of her claim.

### III. CONCLUSION

We conclude that the sentence is neither procedurally nor substantively unreasonable. Therefore, we **AFFIRM** the sentenced imposed by the district court.