[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11732
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cr-00200-WTM-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE CLAYTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 9, 2019)

Before BRANCH, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Ronnie Clayton appeals the district court's restitution order requiring him to pay $65,255 to Theodore Brown, a person Clayton injured while fleeing from a bank he had robbed in violation of 18 U.S.C. § 2113(a).  Acknowledging that plain error review applies because he failed to object at sentencing, Clayton argues that the district court erred in awarding more restitution to Brown than was initially identified in the presentence investigation report ("PSI") without holding a restitution hearing pursuant to 18 U.S.C. § 3664(d)(5). [1]  We assume that the parties are familiar with the facts and procedural history of the case and proceed directly to the merits.

Here, Clayton has not established all the elements of the plain error standard.[2]  We will not correct a plain error if a defendant's rights are not substantially affected or prejudiced.  *See United States v. Monroe*, 353 F.3d 1346, 1357 (11th Cir. 2003).  Clayton fails to even *allege* his substantial rights were affected. [3]  For substantial rights to be affected, the error "must have been

---

[1] The PSI contained an estimate of restitution, namely the $2,260 taken from Wells Fargo and $13,025 for Brown's "medical expenses."  The PSI also noted that Brown "wishes to request additional amounts of restitution for medical expenses incurred."  The PSI did not contain the costs of surgery discussed at sentencing.

[2] "The plain-error test has four prongs: there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are met, then a court may exercise its discretion to correct the error if (4) the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

[3] Clayton's brief is perfunctory in every sense of the term.

2

prejudicial," meaning it "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).  Clayton makes no claim that the amount of restitution awarded would have been different if the PSI had contained an estimate of Brown's additional medical costs ahead of time, and no argument that the method used by the court to calculate the restitution was incorrect.  To the contrary, the record indicates Clayton's attorney received Brown's medical records in advance of the hearing and made no objection to their use in reaching the restitution amount.  The judgment of the district court is **AFFIRMED.**