[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12380
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cr-60265-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY LERI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 27, 2021)

Before JORDAN, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Gregory Leri appeals his 78-month concurrent sentences of imprisonment for conspiracy to possess with intent to distribute fentanyl and conspiracy to possess with intent to distribute oxycodone. He asserts the district court plainly erred in not applying a two-level reduction under U.S.S.G. § 2D1.1(b)(18) because he met the amended safety-valve criteria in 18 U.S.C. § 3553(f). Additionally, he contends the district court abused its discretion in sentencing him to 78 months' imprisonment instead of probation because it failed to properly weigh all the 18 U.S.C. § 3553(a) factors when sentencing him, including the role of his addiction in the offenses. After review, we affirm.

## I.  DISCUSSION

*A.  Safety Valve*

Leri concedes that he did not object to the district court's conclusion he was ineligible for safety-valve relief due to a single three-point prior conviction. Thus, review of this issue is for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (reviewing for plain error a sentencing argument that was not raised before the district court). For an error to be plain, it must be one that is obvious and clear under current law. *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013). An error is not obvious or clear under current law when there is a lack of controlling authority or there is room for doubt about the

outcome of an issue. *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).

Under the safety-valve statute, 18 U.S.C. § 3553(f), a district court must impose a sentence pursuant to the Sentencing Guidelines without regard to any statutory minimum if the defendant meets all of the enumerated factors. 18 U.S.C. § 3553(f). Section 402 of the First Step Act[1] amended § 3553(f) to apply to more criminal offenses. *United States v. Tigua*, 963 F.3d 1138, 1142 (11th Cir. 2020). The first of the five criteria in § 3553(f), as amended by the First Step Act, is that:

> (1) the defendant does not have--
> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> (B) a prior 3-point offense, as determined under the sentencing guidelines; and
> (C) a prior 2-point violent offense, as determined under the sentencing guidelines.

18 U.S.C. § 3553(f)(1).

The Sentencing Guidelines, in § 5C1.2, also state the district court shall impose a sentence in accordance with the Guidelines without regard to the statutory minimum sentence if the court finds the defendant meets the criteria in § 3553(f)(1)-(5), which it lists. U.S.S.G. § 5C1.2. Section 5C1.2 has not been amended to incorporate the First Step Act's changes to § 3553(f). *Compare*

---

[1] First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221.

18 U.S.C. § 3553(f), *with* U.S.S.G. § 5C1.2.  Section 5C1.2 still lists the first criterion for safety-valve eligibility as "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category)."  U.S.S.G. § 5C1.2(a)(1).  Section 2D1.1, the Guideline for drug offenses, instructs the court should apply a two-level reduction if a defendant meets the safety-valve criteria in U.S.S.G. § 5C1.2.  U.S.S.G. § 2D1.1(b)(18).

The district court did not plainly err in finding that Leri did not satisfy the safety-valve criteria.  Section 3553(f) is not applicable to Leri because it allows the district court to sentence a defendant without regard to a mandatory minimum sentence and no mandatory minimum sentences applied to Leri's convictions.  Thus, because § 3553(f) does not apply, the only question is whether Leri satisfied the criteria in § 5C1.2 such that he should have received a two-level reduction under § 2D1.1(b)(18).  The § 5C1.2 criteria, which have not been amended after the First Step Act, state that a defendant must not have more than one criminal history point.  U.S.S.G. § 5C1.2(a)(1).  Leri does not satisfy this criteria because he has four criminal history points.

The only way Leri could qualify for the two-level reduction is if § 5C1.2's reference to "the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below" is read to

incorporate the amended criteria in § 3553(f), including the broadened criteria for criminal history in § 3553(f)(1). But that reading is not plain from the language of § 5C1.2, which sets out the former criteria explicitly, and Leri has not pointed to any binding precedent stating that § 5C1.2 must be read to incorporate the amended criteria in § 3553(f), even though § 5C1.2 itself has not been amended.

Thus, as Leri does not satisfy the criteria in § 5C1.2 and it is not plain that the amended criteria in § 3553(f) are incorporated into § 5C1.2, the district court did not plainly err by not concluding that Leri satisfied the safety-valve criteria. *See Madden*, 733 F.3d at 1322.

B. *Substantive Reasonableness*

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

As to substantive reasonableness, a district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*,

612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  The proper factors are set out

in § 3553(a) and include the nature and circumstances of the offense, the criminal

history of the defendant, the seriousness of the crime, the promotion of respect for

the law, just punishment, adequate deterrence, and protection of the public.  18

U.S.C. § 3553(a).

We have emphasized that we must give due deference to the district court to

consider and weigh the proper sentencing factors.  *Shabazz*, 887 F.3d at 1224.  The

district court also does not have to give all the factors equal weight and is given

discretion to attach great weight to one factor over another.  *United States v.*

*Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).  Along with the § 3553(a)

factors, the district court should also consider the particularized facts of the case

and the guideline range.  *Id.* at 1259–60.  However, it maintains discretion to give

heavier weight to any of the § 3553(a) factors or combination of factors than to the

guideline range.  *Id.* at 1259.  The district court also has wide discretion to decide

whether the § 3553(a) factors justify a variance.  *United States v. Rodriguez*,

628 F.3d 1258, 1264 (11th Cir. 2010).

Leri has failed to show his sentence is substantively unreasonable because

the district court made a clear error in judgment in balancing the § 3553(a) factors.

*See Irey*, 612 F.3d at 1189.  The district court's pronouncement of the sentence

showed that it considered several of the § 3553(a) factors.  Specifically, the district

6

court's express consideration of Leri's "terrible" criminal history, as well as the fact that most of his past convictions were misdemeanors, showed it considered Leri's history and characteristics. 18 U.S.C. § 3553(a). Additionally, the district court considered the nature and circumstances of the offense in its finding of certain mitigating circumstances—the amount of drugs involved, the fact they came in lozenges, that they were prescribed to Leri, that he sold them, and that the behavior was common with addicts. *Id.* The district court granted a 43-month downward variance based on the mitigating factors noted, which showed it accounted for Leri's addiction and any mitigating effects it had. Further, its consideration of the downward variance it gave Leri's co-conspirator, even though she had ten prior felony convictions, showed the district court considered the need to avoid unwarranted sentence disparities.

Additionally, the district court did not abuse its discretion by not giving Leri a probationary sentence because, while it noted mitigating factors in granting him a downward variance, it also weighed factors tending to show the seriousness of the offense. It expressly noted that Leri had a "terrible" criminal history and that fentanyl was having "disastrous effects on society," which showed it weighed Leri's particular circumstances and the nature of the offense in determining whether to reduce his sentence and, if so, how much to reduce it by. *See Rosales-Bruno*, 789 F.3d at 1259-60. Although Leri argues the district court placed

insufficient weight on the role his addiction played in the offense, the district court expressly considered it and had broad leeway in assigning its weight. The court was within its discretion to weigh Leri's addiction with the nature and circumstances of the offense, his extensive criminal history, the sentences given to his co-conspirators, and the need to promote respect for the law. Additionally, that the sentence was below the guideline range and well below the statutory maximum were further indicia of reasonableness. *United States v. Foster*, 878 F.3d 1297, 1309 (11th Cir. 2018) (stating we ordinarily expect a sentence within the guideline range to be reasonable); *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) (explaining a sentence imposed well below the statutory maximum is an indicator of a reasonable sentence). Therefore, because the district court did not abuse its discretion by ignoring relevant factors or improperly weighing the factors, the sentence was substantively reasonable and further reduction was not warranted.

## II. CONCLUSION

Accordingly, we affirm Leri's sentences.

**AFFIRMED.**

8