**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13663

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JARLE HICHAYME DEL ROSARIO MEDINA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:25-cr-80072-AMC-1

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Jarle Del Rosario Medina brings this appeal to challenge his sentence as unreasonable. We affirm.

## I.

Jarle Del Rosario Medina is a native and citizen of the Dominican Republic. He first arrived in the United States when he was twelve years old. He was deported back in 2008, when he was thirty-one, after nine years in prison for a federal drug trafficking offense. He sought to illegally reenter the United States in May 2025. From the Bahamas, Del Rosario Medina and nine others set sail for Palm Beach, Florida. They were all apprehended by law enforcement not far from the landing place.

Del Rosario Medina pleaded guilty to one count of illegal reentry after deportation. *See* 8 U.S.C. § 1326(a). He faced an advisory Guidelines range of zero to six months' imprisonment. The parties jointly recommended a sentence of five months' imprisonment. The district court instead sentenced him to nine months' imprisonment, followed by three years' supervised release. In its view, a modest upward variance was warranted "under the circumstances for purposes of deterrence, and in light of the particular characteristics of this defendant who was convicted of a very serious drug offense in the United States."

On appeal, Del Rosario Medina challenges this sentence as substantively and procedurally unreasonable.

## II.

We review the reasonableness of a defendant's sentence for abuse of discretion. *United States v. Henry*, 1 F.4th 1315, 1319 (11th Cir. 2021).

### III.

"A defendant challenging his sentence bears the burden of establishing that it is unreasonable." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). A sentence may be challenged as either substantively or procedurally unreasonable. The district court commits substantive error if it fails to consider "relevant factors that were due significant weight," gives "significant weight to an improper or irrelevant factor," or commits "a clear error of judgment in considering the proper factors." *United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025) (quotation omitted). The court commits procedural error if it fails "to consider the § 3553(a) factors" or "adequately explain the chosen sentence." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (quotation omitted). Here, Del Rosario Medina challenges his sentence on both grounds.

On substance, Del Rosario Medina argues that his sentence of nine months' imprisonment exceeded the bounds of reasonableness. We disagree. For starters, a "sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). Del Rosario Medina's nine-month sentence does not come close to the statutory maximum of twenty years. *See* 8 U.S.C. § 1326(b)(2). Moreover, the district court reasonably concluded that a modest upward variance was warranted to "afford adequate deterrence" and account for Del Rosario Medina's prior conviction. *See* 18 U.S.C. § 3553(a)(2)(B). Though the conviction is over two decades old, Congress has made clear that "[n]o limitation

4                    Opinion of the Court                    25-13663

shall be placed on the information concerning the background, character, and conduct" of the defendant for determining "an appropriate sentence." *Id.* § 3661. And the district court has "broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (quotation omitted). "We will not second guess the weight given to a § 3553(a) factor" where, as here, "the sentence is reasonable under the circumstances." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

On procedure, Del Rosario Medina contends that the district court erred by imposing a sentence of three years' supervised release without a separate statement of reasons. Because he did not raise this objection below, we review only for plain error. *United States v. Madden*, 733 F.3d 1314, 1321 (11th Cir. 2013). We see none. The factors to be considered in imposing a term of supervised release generally match those to be considered in imposing a term of imprisonment: "deterrence, incapacitation, and rehabilitation." *Esteras v. United States*, 606 U.S. 185, 196 (2025); *see United States v. Hamilton*, 66 F.4th 1267, 1276 (11th Cir. 2023); 18 U.S.C. § 3583(c). Accordingly, the district court need not spell out the reasons for imprisonment and supervised release separately, so long as it "sets forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Hamilton*, 66 F.4th at 1276 (alterations and quotation omitted). We are satisfied that the district court did just that.

25-13663                Opinion of the Court                5

⋆     ⋆     ⋆

We **AFFIRM**.